(98 South. 803)

### Ex parte SAMPLES.

### SAMPLES v. STATE.

### (7 Div. 439.)

(Supreme Court of Alabama. Jan. 17, 1924.)

Constitutional law ⬡199, 275(1)—Physicians and surgeons ⬡2—Statute requiring all dentists to obtain certificate of qualifications held valid.

In view of the repeal of Acts 1915, p. 923, by Acts 1919, p. 148, exempting dentists who had practiced for 20 years or more from being required to obtain a license, Acts 1919, p. 784, requiring all persons practicing dentistry to obtain a certificate of qualification from the State Board of Dental Examiners, does not violate any vested right of petitioner, is not an ex post facto law, does not take property without due process of law in violation of Const. U. S. Amend. 14, and is within the state's police power.

Petition for Certiorari to Court of Appeals.

Orville Samples, having been convicted of practicing dentistry without a license, and judgment being affirmed by the Court of Appeals, petitions for certiorari to the Court of Appeals to review and revise the judgment and decision there rendered in the case styled Samples v. State (Ala. App.) 98 South. 211. Writ denied.

Isbell & Scott, of Ft. Payne, for petitioner.

Appellant had a vested right under Acts 1915, p. 923, which was not defeated by the repeal of such act by Acts 1919, p. 784. 40 Cyc. 190; Blake v. State, 178 Ala. 407, 59 South. 623; 36 Cyc. 623.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

THOMAS, J. No vested right under the state or federal Constitution has been denied petitioner in the enforcement of the provisions of General Acts 1919, p. 784, after the repeal (by Act Feb. 17, 1919, p. 148), of the provisions of the act of September 25, 1915 (Acts 1915, p. 923), providing:

"1. That all persons who have practiced dentistry or dental surgery in this state for a period of twenty years or more, shall be permitted to continue in the practice of the said profession without being required to obtain a license from the board of dental examiners of Alabama.

"2. All laws and parts of laws in conflict with the provisions of this act are hereby repealed."

The former statute is not in effect an ex post facto law, or, if enforced against petitioner, will not deprive him of his property without due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States. This court, and the Supreme Court of the United States, have declared that a license or certificate may be "required of a physician, surgeon, dentist, lawyer or school-teacher." Douglas v. Noble, 261 U. S. 165, 43 Sup. Ct. 303, 67 L. Ed. 590; Lehman v. State Board of Public Accountancy, 208 Ala. 185, 94 South. 94. Writ of error to the Supreme Court of the state of Alabama was denied by the Supreme Court of the United States on December 10, 1923, in the Lehman Case, 44 Sup. Ct. 128, 68 L. Ed. ——.

The act of September 29, 1919 (Gen. Acts, p. 784), was an exercise of legislative authority within the police power of government.

The writ of certiorari is denied, and judgment of the Court of Appeals affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.