186 So. 484

## In re OPINION OF THE JUSTICES.
### No. 47.

Supreme Court of Alabama.

Feb. 16, 1939.

Senate Resolution No. 24.
By Mr. St. John.

Whereas, there is now pending before the Legislature of the State of Alabama, Senate Bill No. 85, which authorizes the Governor to invest the surplus of the proceeds of the State Income Tax after provision has been made at any time for the payment of the next two maturing installments of interest and the next maturing installment of principal on the warrant refunding bond of the State of Alabama issued or to be issued pursuant to the authority contained in Act No. 50 of the Legislature of Alabama, passed at the regular session of 1935 and approved February 8, 1935, by loaning the same to county and city boards of education and to determine

the proportionate part of such surplus which each county and city board of education is entitled to borrow, and the constitutionality of the bill should be beyond question:

Therefore, Be it Resolved by the Senate of the State of Alabama:

That the Justices of the Supreme Court of Alabama, or a majority of them, are hereby requested to render to this body their written opinion as provided under section 10290 of the Code of Alabama of 1923 as to whether said act, a copy of which is hereto attached, violates any section of the Constitution of the State of Alabama, particularly Article 22 thereof.

Adopted by the Senate February 14, 1939.

Senate Bill No. 85, referred to in the foregoing resolution, provides, among other things, as follows:

"Section 1. That the Governor of the State of Alabama is hereby authorized to invest the surplus of the proceeds of the State Income Tax after provision has been made at any time for the payment of the next two maturing installments of interest and the next maturing installment of principal on the warrant refunding bond of the State of Alabama issued or to be issued pursuant to the authority contained in Act No. 50 of the Legislature of Alabama, passed at the regular session of 1935 and approved February 8, 1935, by loaning the same to county and city boards of education.

"Section 2. Such loans shall bear an interest rate of not in excess of one per cent per annum and all such loans shall be repaid by county and city boards of education to the Refunding Bond sinking fund created by Act No. 50, approved February 8, 1935, if and when the unloaned funds in said sinking fund are insufficient to pay the maturing principal and interest in any year on refunding bonds issued pursuant to Act No. 50, approved February 8, 1935."

To the Legislature of Alabama:

In re Senate Bill No. 85.—Senate Resolution No. 24 by Mr. St. John.

Your inquiry involves a consideration of Article XXII, amendment XXV, "Income Taxes," and Article XXIII, amendment XXVI, "State Debts," amending section 213, Constitution of Alabama.

Article XXII, supra, contains the following clause, "All income derived from such

tax shall be held in trust for the payment of the floating debt of Alabama until all debts due on Oct. 1st, 1932, are paid and thereafter used exclusively for the reduction of state ad valorem taxes."

Article XXIII, supra (section 213, as amended), contains the following clause: "To create a sinking fund for the prompt and faithful payment of the floating indebtedness of the state, and interest thereon, the net proceeds of any income tax which may be levied by the legislature pursuant to law is hereby pledged."

There can be no misunderstanding of those requirements.

The inquiry now being answered is in substance whether any annual surplus of the proceeds of the State income tax after meeting present requirements, including the next two maturing installments of interest and the next maturing installment of principal on the refunding bonds issued pursuant to legislative enactment, as authorized by Article XXIII, supra, of the Constitution, may be loaned by the Governor to county and city boards of education, to be repaid if and when the unloaned funds are insufficient to pay the maturing principal and interest in any year on refunding bonds issued pursuant to the Act above mentioned.

There are two constitutional questions involved, both of which operate against the validity of the Act in question:

 1. We think that the loan of the funds as here authorized, violates the requirement that those funds shall be held in trust, pledged to the creation of a sinking fund for the prompt payment of the debts in question. That means for the payment of them all, and not merely certain installments of them. It means that the funds themselves shall be held in trust, and there is no constitutional provision for their investment or loan. The anticipation in the payment of the warrants for which the fund is held in trust would in no sense be a diversion or violation of the trust and pledge.

2. We also think that the proposed so called loan to county and city boards of education, repayable "if and when the unloaned funds of said sinking fund are insufficient to pay the maturing principal and interest in any year on refunding bonds issued pursuant" to said Act of the Legislature, violates that feature of Article XXII, supra, which provides that after

payment of said debts, the income derived from the tax shall be "used exclusively for the reduction of state ad valorem taxes."

Under Senate Bill No. 85, supra, if such a loan is made, it is not repayable unless the other funds received from such tax remaining unloaned are insufficient to pay the refunding bonds as there described. That means that it is never to be repaid unless it is needed to pay such bonds, principal or interest, and therefore it is an appropriation in effect to the county and city boards of education of such surplus which under Article XXII, supra, shall be used exclusively for the reduction of State ad valorem taxes.

However meritorious and just may be the claim of the county and city boards arising from the alleged diversion of school funds to other purposes, it must be satisfied by the use of such State funds as are not otherwise pledged by the Constitution.

We think that Senate Bill No. 85 would violate Articles XXII and XXIII of the Constitution.

> JOHN C. ANDERSON,
> Chief Justice.
> LUCIEN D. GARDNER,
> WILLIAM H. THOMAS,
> VIRGIL BOULDIN,
> JOEL B. BROWN,
> A. B. FOSTER,
> THOMAS E. KNIGHT,
> Associate Justices.