186 So. 485

**In re OPINION OF THE JUSTICES.**

**No. 48.**

Supreme Court of Alabama.

Feb. 16, 1939.

[redacted]

The pending bill, exhibited with Senate Resolution 32, is in substance as follows:

Senate Bill 123

* * *

Whereas, the State of Alabama has collected over a period of years prior to October 1st, 1932 certain taxes provided for by Sections 256 to 260 inclusive of the Constitution of Alabama of 1901 for the maintenance of public schools throughout the State for the benefit of children between the ages of seven and twenty-one years to be apportioned to the several County Boards of Education in proportion to the number of school children of school age therein, which said sum of money so collected exceeded the proper and constitutional disbursements against said fund in an amount of $3,310,275.68; and,

Whereas, by reason of the difference between collections and proper and constitutional disbursements of said fund there existed on the first day of October, 1932 an indebtedness by the State of Alabama to the several County Boards of Education of the State in the sum of $3,310,275.68; * * *

Now, therefore, be it enacted by the Legislature of Alabama:

Section 1. That there is hereby appropriated out of the surplus of Income Tax, after provision has been made at any time for the payment of the next two maturing installments of interest, and the next maturing installment of principal on warrant refunding bonds of the State of Alabama issued, or to be issued pursuant to the authority contained in Act No. 50 of the Legislature of Alabama passed at the regular session of 1935, and approved February 8th, 1935, the sum of $3,310,275.68 payable to the respective County Boards of Education to be distributed in proportion to the number of school children of school age in such respective Counties in accordance with the provisions of the Constitution and of the laws of Alabama providing for the apportionment of the public school funds, and in accordance with the apportionment of the State Superintendent of Education as hereinabove set forth.

Section 2. The Comptroller, with the approval of the Governor, is hereby directed to draw his warrants to the several County Boards of Education payable out of the surplus of the Income Tax after provision has been made at any time for the payment of the next two maturing installments of interest, and the next maturing installment of principal on warrant refunding bonds of the State of Alabama issued or to be issued pursuant to Act No. 50 of the Legislature of Alabama passed at the regular session of 1935, and approved February 8th, 1935, from time to time as such surplus as above outlined accrues, in proportion to the number of school children of school age in such respective Counties in accordance with the provisions of the Constitution, and of the laws of Alabama providing for the apportionment of the public school fund, and in accordance with the apportionment by the State Superintendent of Education of said fund as hereinbefore set forth until the above indebtedness of $3,310,275.68 is fully paid and discharged.

Section 3. This Act shall become effective upon approval of the Governor.

To the Honorable, the Senate of the State of Alabama.

Gentlemen:

We have considered your request for an advisory opinion embodied in your resolution of February 14, 1939, which reads as follows:

"Be it resolved by the Senate of the State of Alabama:

·"That the Justices of the Supreme Court, or a majority of them, are hereby requested to render to this Body a written opinion as provided under Section 10290 of the Code of Alabama of 1923 as to whether said Bill, a copy of which is hereto attached, violates any Section of the Constitution of the State of Alabama, especially in the following particulars:

"1. Do the trust fund monies collected by the State for the public school fund, in accordance with Sections 256 to 260 inclusive of the Constitution of Alabama, and not disbursed to the several Counties or County Boards of Education, but which were due and payable on the first day of October, 1932, constitute an indebtedness of the State of Alabama to the several Counties or Boards of Education of the State?

"2. Was such debt a part of the floating debt of Alabama for the payment of which the income derived from the tax authorized by the income tax amendment (Constitution, Article XXII) was directed to be held in trust?

"3. Was such debt a part of the floating indebtedness of the State to create a sinking fund for the prompt and faithful payment of which there was pledged by the warrant amendment (Constitution, Article XXIII) the net proceeds of any income tax which might be levied by the Legislature pursuant to law?"

Response: We are of opinion your inquiries and each of them must be answered in the negative.

The income tax amendment, No. XXV, Article XXII, refers to the "floating debt," to the payment of which the proceeds of income taxed are pledged, in general terms.

But amendment, No. XXVI, Article XXIII, submitted to and ratified at the same time, and to be construed together as if both were embodied in one amendment definitely defines and limits the floating debt, ratified and confirmed thereby, in these words:

"(Provided, further, that this section shall not be construed as to prevent the governor from paying interest at the rate of not exceeding 5% per annum, payable semi-annually from July 1, 1933, on the floating indebtedness of the state at the close of business on September 30, 1932, as shown by outstanding and unpaid warrants drawn on the treasury, as provided by law, amounting in the aggregate to $16,-943,357.12 and items enumerated in an act of the legislature number 294, being senate bill 272, approved November 9, 1932, all of which are hereby ratified and confirmed.) All warrants and/or instruments issued or to be issued representing such indebtedness shall be a direct obligation of the state, and for the prompt and faithful payment of the principal and interest thereon, the full faith and credit of the state is hereby irrevocably pledged, and such warrants and/or instruments shall be exempt forever from all taxes of every kind. Any act creating or incurring any new debt against the state, except as herein provided for, shall be absolutely void."

Much of the floating debt there ratified consisted of warrants issued to County Boards of Education for school funds ac-

cruing in accordance with your inquiry No. I. Hall v. Blan, State Treasurer, 227 Ala. 64, 148 So. 601.

The same constitution which set apart these school funds and by mandatory provisions required the executive officers to comply therewith, also by Section 213, prohibited the incurring of debt on behalf of the State. The object of amendment XXVI, Article XXIII, was to ratify a floating debt, theretofore invalid because in violation of Section 213.

The debts ratified are limited to those specified in that amendment. The Legislature is without power to extend same.

JOHN C. ANDERSON,
Chief Justice.
LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
JOEL B. BROWN,
A. B. FOSTER,
THOMAS E. KNIGHT,
Associate Justices.