186 So. 724

## In re OPINIONS OF THE JUSTICES.

### No. 50.

Supreme Court of Alabama.
March 2, 1939.

Resolution by The Senate.

Whereas, there is now pending in the Legislature of the State of Alabama Senate Bill No. 149 to require the Warrant Commission to issue to the treasurer of the State of Alabama as custodian of the public school fund referred to in Sections 256 to 260 inclusive of the Constitution of 1901, interest bearing warrants for the sum of $626,358.39 as provided under said Warrant Act, being the sum represented by a like amount of warrants which are included in the amount of $16,943,357.12 of outstanding and unpaid warrants drawn on the treasury at the close of business on September 30th, 1932, which was ratified and confirmed as a part of the floating indebtedness of the State at the close of business on September 30th, 1932 by the warrant amendment No. 26, Article 23 to the Constitution of the State of Alabama, and to provide for the payment of said warrants when issued out of the surplus of proceeds of income tax after provision has been made at any time for the next two maturing installments of interest, and the next maturing installment of principal of refunding bonds as provided under the Act

of the Legislature of 1935 approved February 8th, 1935, Gen.Acts 1935, p. 118, and after provision has been made at any time for the payment of any other lawful charges against the proceeds of any income tax; and,

Whereas, the constitutionality of said Bill should be beyond question. Therefore,

Be it resolved by the Senate of the State of Alabama:

That the Justices of the Supreme Court, or a majority of them are hereby requested to render to this Body a written opinion as provided under Section 10290 of the Code of Alabama of 1923 as to whether said Bill, a copy of which is hereto attached, violates any Section of the Constitution of the State of Alabama especially in the following particulars:

1. Was the indebtedness represented by the warrants issued against the public school fund, and particularly described in said Bill, a part of the floating debt of Alabama due on October 1st, 1932, for the payment of which the income derived from the tax authorized by the Income Tax Amendment No. 25, Article 22 was directed to be held in trust?

2. Was such indebtedness a part of the floating indebtedness of the State which was ratified and confirmed by the Warrant Amendment No. 26, Article 23, and to create a sinking fund for the prompt and faithful payment of which there was pledged by said Warrant Amendment the net proceeds of any income tax which might be levied by the Legislature pursuant to law?

3. Did the unlawful payment of the warrants representing said indebtedness out of the public school fund on, to-wit, February 14th, 1933 deprive the Legislature of Alabama of the right to provide for the payment of such indebtedness out of the net proceeds of income tax derived from the tax authorized by the Income Tax Amendment (Constitution, Amendment No. 25, Article 22), or since such payment from the public school fund has been made, may the Legislature provide for the reimbursement of such public school fund out of the net proceeds of income tax without violating the Income Tax Amendment (Constitution, Amendment 25, Article 22), or the Warrant Amendment (Constitution, Amendment 26, Article 23)?

Senate Bill 149 is as follows:

S. B. 149. By Mr. Hildreth.

A Bill to be entitled an Act to require the Warrant Commission, composed of the Governor, the State Comptroller and the Attorney General created under an Act of the Legislature approved April 17th, 1933, to issue to the Treasurer of the State of Alabama, as custodian of the public school fund collected under the levies provided under Sections 256 to 260 inclusive of the Constitution of 1901, interest bearing warrants to be dated July 1, 1933 for the sum of $626,358.39 as provided under said Warrant Act, being the sum represented by a like amount of warrants which are included in the amount of $16,943,357.12 of outstanding and unpaid warrants drawn on the treasury at the close of business on September 30th, 1932 upon which the Governor was authorized to pay interest under the terms of the warrant amendment to the Constitution of the State of Alabama proposed by Senate Bill No. 5 passed by the Senate of Alabama on April 4, 1933, and by the House of Representatives on April 14, 1933, and proclaimed ratified by the people of Alabama on August 2, 1933; and to provide for the payment of said warrants when issued out of the surplus of proceeds of Income Tax after provision has been made at any time for the payment of the next two maturing installments of interest, and the next maturing installment on principal of refunding bonds as provided under the Act of the Legislature approved February 8th, 1933, and after provision has been made at any time for the payment of any other lawful charges against the proceeds of said Income Tax, and to repeal all laws in conflict with this Act.

Whereas, a part of the floating debt of Alabama at the close of business on September 30, 1932 and due on October 1st, 1932 consisted of the following warrants issued against the public school fund:

| To whom Issued | Date Issued | Warrant No. | Amount |
|---|---|---|---|
| J. W. Craig | Dec. 8, 1930 | 8029 | $ 23,994.00 |
| G. E. Weatherly | Dec. 8, 1930 | 8030 | 17,078.00 |
| Geo. C. Harold | Dec. 8, 1930 | 8032 | 11,962.00 |
| J. B. Wadsworth | Dec. 8, 1930 | 8033 | 24,805.00 |
| O. L. Smith | Dec. 8, 1930 | 8034 | 7,721.00 |
| R. P. Sargent | Dec. 8, 1930 | 8035 | 10,854.00 |
| W. J. Meriwether | Dec. 8, 1930 | 8037 | 6,948.00 |
| L. M. Griffin | Dec. 8, 1930 | 8038 | 11,537.00 |
| L. T. Solomon | Dec. 8, 1930 | 8039 | 9,462.00 |
| E. L. Forrester | Dec. 8, 1930 | 8040 | 18,286.00 |
| H. G. Jacobs | Dec. 8, 1930 | 8041 | 15,128.00 |
| T. S. Jones | Dec. 8, 1930 | 8045 | 7,715.00 |
| E. B. Garner | Dec. 8, 1930 | 8044 | 19,690.00 |
| J. L. Weatherwax | Dec. 8, 1930 | 8045 | 11,798.00 |
| A. K. Cooper | Feb. 25, 1931 | 18859 | 17,978.91 |
| W. D. Stapleton | Feb. 25, 1931 | 18860 | 24,028.03 |

| To whom Issued | Date Issued | Warrant No. | Amount |
|---|---|---|---|
| R. A. Beeland, Jr. | Feb. 25, 1931 | 18865 | 26,878.00 |
| L. A. Stanley | Feb. 25, 1931 | 18866 | 34,250.77 |
| J. C. Jordan | Feb. 25, 1931 | 18868 | 16,962.99 |
| John C. Page | Feb. 25, 1931 | 18869 | 26,621.67 |
| N. L. Bush | Feb. 25, 1931 | 18870 | 16,806.05 |
| L. R. Tucker | Feb. 25, 1931 | 18871 | 22,993.22 |
| Fred Osborn | Feb. 25, 1931 | 18873 | 11,052.38 |
| Winston Stewart | Feb. 25, 1931 | 18777 | 10,989.90 |
| John L. Law | Feb. 25, 1931 | 18882 | 8,500.00 |
| J. L. Weatherwax | Feb. 25, 1931 | 18895 | 17,144.00 |
| I. J. Dorsey, Jr. | Feb. 25, 1931 | 18896 | 16,681.52 |
| W. J. Howard | Feb. 25, 1931 | 18897 | 14,751.12 |
| T. B. Leatherwood | Feb. 25, 1931 | 18898 | 13,000.00 |
| Irving Adams | Feb. 25, 1931 | 18901 | 12,538.82 |
| D. K. Mason | Feb. 25, 1931 | 18909 | 12,816.69 |
| Margaret Forman | Feb. 25, 1931 | 18913 | 17,612.25 |
| T. M. Tartt, Jr. | Feb. 25, 1931 | 18915 | 14,000.00 |
| R. L. Coaker | Feb. 25, 1931 | 18920 | 14,217.95 |
| C. E. Barclay | Feb. 25, 1931 | 18922 | 14,784.93 |
| L. A. Stanley | Mar. 5, 1931 | 21963 | 16,380.89 |
| J. C. Page | Mar. 5, 1931 | 21966 | 2,307.39 |
| L. M. Griffin | Mar. 5, 1931 | 21967 | 7,246.94 |
| Irving Adams | Mar. 5, 1931 | 21968 | 6,961.79 |
| Irving Adams | Mar. 10, 1931 | 23223 | 11,222.26 |
| S. F. Ventress | Mar. 10, 1931 | 23224 | 8,758.18 |
| Lucia Lamar | Mar. 10, 1931 | 23225 | 11,903.74 |

$626,358.39

and,

Whereas, the said warrants were included in the outstanding and unpaid warrants drawn on the treasury as provided by law amounting in the aggregate to $16,943,357.-12, upon which the Governor was authorized to pay interest by the warrant amendment to the Constitution of Alabama proposed by Senate Bill 5 passed by the Senate of Alabama on April 4, 1933 and by the House of Representatives of Alabama on April 14, 1933, and proclaimed ratified by the people of Alabama on August 2, 1933; and,

Whereas, said warrants were charged against the public school fund as and when the same were issued; and,

Whereas, said warrants were paid out of the public school fund and charged against the public school fund a second time when so paid on, to-wit, February 14, 1933; and,

Whereas, the public school fund had the use of said sum of $626,358.39 but one time, and said sum is still a part of the floating debt of Alabama due on October 1st, 1932.

Now, therefore, be it enacted by the Legislature of Alabama:

Section 1. That the Warrant Commission composed of the Governor, State Comptroller and the Attorney General, created under an Act of the Legislature approved April 17, 1933, be and it is hereby required to issue to the Treasurer of the State of Alabama as custodian of the public school fund collected under the levies provided by Sections 256 to 260 inclusive of the Constitution of 1901, interest bearing warrants to be dated July 1, 1933, for the sum of $626,358.39 as provided in said warrant Act, representing a like amount of warrants which constituted a part of the floating debt of Alabama at the close of business on September 30, 1932, and due on October 1, 1932, and which were included in the outstanding and unpaid warrants drawn on the treasury as provided by law amounting in the aggregate to $16,943,357.12, on which the Governor was authorized to pay interest from July 1st, 1933, by the amendment to the Constitution of Alabama proposed by Senate Bill No. 5 passed by the Senate April 4, 1933 and by the House of Representatives of Alabama on April 14, 1933, and proclaimed ratified by the people of Alabama on August 2, 1933.

Section 2. The Treasurer of the State of Alabama is hereby directed to pay said warrants when issued out of any surplus of proceeds of Income Tax from time to time after provision has been made for the payment of the next two maturing installments of interest, and the next maturing installment on principal of refunding bonds as provided in the Act of the Legislature of 1935 approved February 8, 1935, and after provision has been made for the payment of any other lawful charges against the proceeds of said income tax.

Section 3. This Act shall take effect and become operative immediately upon the passage and approval by the Governor.

Response

To the Honorable Senate of Alabama, Montgomery, Alabama.

Gentlemen:

We cannot undertake to verify the legislative finding of facts upon which the proposed replacement of school funds is predicated.

We direct attention to the Income Tax Amendment to the Constitution, known as Amendment 25, Article 22, wherein it is provided that "all income derived from such tax shall be held in trust for the payment of the floating debt of Alabama until all debts due on October 1, 1932 are paid."

The bill states the sum here involved was a part of the floating indebtedness on that date (October 1, 1932), and for which warrants were outstanding at that time. Amendment 26, Article 23 of the Constitu-

tion, known as the Warrant Amendment, designates the floating indebtedness for which warrants or other instruments were to be issued, aggregating $16,943,357.12; and the proposed bill discloses that in fact the indebtedness paid out by a diversion of these school funds (Turnipseed v. Blan, 226 Ala. 549, 148 So. 116; Hall v. Blan, 227 Ala. 64, 148 So. 601) formed a part of the above named sum of $16,943,357.12.

We are of opinion that it is within legislative power to recognize and declare a right of equitable subrogation and thus replace the funds so wrongfully diverted by an appropriation from funds made available for their lawful payment, namely, a surplus of the income tax fund; provided such refund in no way impairs the security of the outstanding bonds to the payment of which the income tax fund is pledged.

This the 2nd day of March, 1939.

Respectfully,

JOHN C. ANDERSON,
Chief Justice.
LUCIEN D. GARDNER,
VIRGIL BOULDIN,
ARTHUR B. FOSTER,
Associate Justices.

We are unable to concur in the opinion of the majority of the Justices, as we believe that any diversion of this trust fund created by the people by the adoption of said constitutional amendment, No. 25, is a violation of the letter and spirit of said amendment.

We are unable to differentiate the question now before us from the inquiry answered by the Justices, all concurring, on the 16th day of February, 1939. The doctrine of equitable subrogation invoked by the majority is inapt, as the state was dealing with itself in the payment of said certificated warrants out of money then in the general funds, in the hands of the state treasurer. The subsequent charging, as a matter of bookkeeping against the school funds, of said payments, did not re-create a debt against the state, or against any of its departments.

If said payments are treated as a conversion of money in said school fund, the ultimate losers, and this loss is irretrievable, are the school teachers who served Alabama for 1933, without full pay, as a result of the alleged unwarranted diversion of said school fund.

If the Legislature had included in said act a provision that the funds to be divert-

ed from the income tax surplus should be devoted to the payment of the balance due said teachers for services rendered in 1933, we would agree that the doctrine of equitable subrogation could be applied with some plausibility. However, this would violate the budget provision of the Constitution passed along with the income tax provision.

WILLIAM H. THOMAS,
JOEL B. BROWN,
THOMAS E. KNIGHT,
Associate Justices.