188 So. 899

## In re OPINION OF THE JUSTICES.

### No. 55.

Supreme Court of Alabama.

May 16, 1939.

To the Justices of the Supreme Court of Alabama:

·Gentlemen:

Under Section 10290 of the Code of Alabama, 1923, I hereby request an opinion of the Justices of the Supreme Court on the following important constitutional questions in regard to House Bill #382, by Mr. Dominick, introduced in the House of Representatives and now pending in the committee on Ways and Means, and which is in words and figures as follows:

"A Bill to be entitled an act.

"To appropriate out of the surplus of Income Tax, after provision has been made for the administration of said Act, and the payment at anytime of the next two maturing installments of interest, and the next maturing installment of principal on warrant refunding bonds of the State of Alabama issued, or to be issued pursuant to authority contained in Act No. 50 of the Legislature of Alabama passed at the Regular Session, 1935, and approved February 8, 1935, to the Property Tax Relief Fund such an amount as may be necessary for the replacement of any revenues lost by exemption of homesteads from all State ad valorem taxes, provided by Act No. 107 of the Legislature of Alabama, Special Session 1936–37, approved February 20, 1937.

"Be it enacted by the Legislature of Alabama:

"Section 1. That there is hereby appropriated out of the surplus of Income Tax, after provision has been made for the administration of said Act, and the payment at anytime of the next two maturing installments of interest, and the next maturing installment of principal on warrant refunding bonds of the State of Alabama issued, or to be issued, pursuant to authority contained in Act No. 50 of the Legislature of Alabama passed at the Regular Session, 1935, and approved February 8, 1935, to the Property Tax Relief Fund such an amount as may be necessary for the replacement of any revenues lost by exemption of homesteads from all State ad valorem taxes, provided by Act No. 107 of the Legislature of Alabama, Special Session 1936–37, approved February 20, 1937.

"Section 2. The Comptroller, with the approval of the Governor, is hereby directed to transfer out of the surplus of the Income Tax, after provision has been made for the administration of said Act, and the payment at any time of the next two maturing installments of interest, and the next maturing installment of principal on warrant refunding bonds of the State of Alabama issued, or to be issued, pursuant to authority contained in Act No. 50 of the Legislature of Alabama passed at the Reg-

ular Session, 1935, and approved February 8, 1935, to the Property Tax Relief Fund such an amount as may be necessary for the replacement of any revenues lost by exemption of homesteads from all State ad valorem taxes, provided by Act No. 107 of the Legislature of Alabama, Special Session 1936-37, approved February 20, 1937.

"Section 3. This Act shall become effective upon approval of the Governor."

1. Would the provisions of said Bill, if enacted into law, offend Article 22 of the Constitution of Alabama?

2. Would the provisions of said Bill, if enacted into law, offend Article 23 of the Constitution of Alabama?

Respectfully submitted,

Frank M. Dixon,
Governor.

The Honorable Frank M. Dixon,

Governor of Alabama,

Montgomery, Alabama.

Sir:

Replying to your request for opinion on important constitutional questions touching pending House Bill No. 382, we respectfully submit:

The Income Tax Amendment to the Constitution, Article XXII (Amend. No. 25), in its first clause, defines the purpose of the tax, namely, "for state purposes;" then defines the duration of the power to levy same, namely, "for the calendar year, 1933, and thereafter." A continuous power, not limited in time to the payment of the debt to which it was pledged. It then fixes the maximum rates which may be levied at any time thereafter.

After prescribing exemptions, there appears this clause: "The legislature shall reduce the ad valorem tax from time to time when and to such an amount as the revenue derived from the income tax will justify." By this clause, the people ratifying it were assured their tax burden should not be increased by the income tax further than was necessary to pay the floating debt to which it was specially pledged under the validating amendment, Article XXIII (Amend. No. 26), submitted at the same time. The same Legislature passed an Enabling Act to carry out these companion amendments. Acts Extra Session 1933, p. 189. This act and the two amendments are to be construed together. The Enabling Act looked to funding of the floating indebtedness and was held valid in Opinions of the Justices 227 Ala. 296, 149 So. 781. A manifest aim was to amortize and pay the floating debt through a term of years. The debt was so funded payable through a period of fifteen years.

This brings us to consider the concluding clause of the Income Tax Amendment, which reads: "All income derived from such tax shall be held in trust for the payment of the floating debt of Alabama until all debts due on Oct. 1st, 1932, are paid and thereafter used exclusively for the reduction of state ad valorem taxes."

The Amendment should be construed as a whole with a view to giving a field of operation to its several provisions. The provision for reduction of ad valorem taxes, a manifest inducement to its ratification, is not consistent with the idea that such benefits should be postponed for many years. "As the revenue derived from the income tax will justify," is the wording of this clause. This provision is not self-executing. An appropriate method of accomplishing the purpose is by lowering the tax rate, or by exemptions, such as the homestead exemption from state ad valorem taxes, and replacing the several funds, by the amounts lost through such exemption.

Construing the last clause in the section so as to give effect to the whole, it means all income derived from income taxes shall: 1st, be held in trust, not diverted to any other use than specified in the amendment. 2nd, devoted to the payment of the floating debt as a first charge, and any residue from time to time be devoted to reduction of state ad valorem taxes. "Thereafter" in the last clause must be considered in connection with "from time to time when," &c., appearing in the same amendment. So construed, it means, after the demands of the floating debt are met from time to time, the residue shall be applied to reduce state ad valorem taxes, and after the floating debt is fully paid, the income tax shall go wholly to reduction of property tax.

In re Opinion of the Justices, Ala. Sup., 186 So. 484,[1] involved a proposal to divert the fund from either of the Constitutional purposes specified in the Amendment. Our language in that opinion is to be construed in that light.

---

[1] Ante, p. 276.

■ The direct question now before us was not involved. We are of opinion the proposed act, the subject of the present inquiry, is not without the Constitutional powers of the Legislature.

■ Such Act must operate prospectively, could not replace funds lost through the Homestead Exemption Statute which have already been replaced under another law. Appropriate legislation should avoid replacement provisions from more than one source in the future.

This the 16th day of May, 1939.

JOHN C. ANDERSON,
Chief Justice.
LUCIEN D. GARDNER,
WM. H. THOMAS,
VIRGIL BOULDIN,
A. B. FOSTER,
THOMAS E. KNIGHT,
Associate Justices.

Response of Associate Justice BROWN:

I am not in agreement with the thought expressed in the foregoing opinion that the word "thereafter" "means, after the demands of the floating debt are met *from time to time,* the residue shall be applied to reduce state ad valorem taxes." (Italics supplied.)

The word "thereafter" means *after the floating debt which brought about the necessity for and the adoption of the income tax amendment is paid,* "the Legislature shall reduce the ad valorem tax from time to time when and to such amount as the revenue derived from the income tax will justify." Skinner's Constitution, Ann. p. 985, § XXV.

This is what the Constitution says in plain language, and the jumbling of words can not change its meaning.

Respectfully submitted
JOEL B. BROWN,
Associate Justice.

