13 So.2d 559

## OPINION OF THE JUSTICES.

### No. 65.

Supreme Court of Alabama.
June 10, 1943.

458

To the Senate of Alabama,
  Montgomery.
Sirs:

In response to your inquiry of June 7, 1943, relative to Senate Bill No. 330, which authorizes the investment in United States Government Bonds of funds held in trust pursuant to the provisions of the Income Tax Amendment to the Constitution of Alabama (Article XXII, ·Amendment No. XXV) for the payment of State of Alabama Refunding Bonds dated July 1, 1935, we submit the following:

We note that Article XXII, Constitution, ordains that "all income derived from such tax (Income Tax) shall be held in trust for the payment of the floating debt of Alabama until all debts due on Oct. 1st, 1932, are paid and thereafter used exclusively for the reduction of state ad valorem taxes." And in Article XXIII, Amendment 26, "To create a sinking fund for the prompt and faithful payment of the floating indebtedness of the state and interest thereon, the net proceeds of any income tax which may be levied by the Legislature pursuant to law is hereby pledged." The floating indebtedness was by it also validated. The two articles are companion features and were submitted and approved at the same time. In re Opinions of Justices, 237 Ala. 286, 186 So. 485.

We held in an advisory opinion, 237 Ala. 276, 186 So. 484, 485, that no part of the income tax revenue could be loaned to county and city boards of education repayable "if and when the unloaned funds of said sinking fund are insufficient to pay the maturing principal and interest in any year on refunding bonds issued pursuant" to an act of the legislature.

Such a fund cannot be diverted through the guise of an investment in State securities of a sort different from those for which it was pledged. See, Graham v. Horton, 6 Kan. 343. Nor can the legislature use any part of it to reimburse the county boards of education for moneys due them by the state for trust fund moneys collected under sections 256 to 260, Constitution, and not disbursed to them. In re Opinion of Justices, 237 Ala. 286, 186 So. 485.

Such funds can only be applied to the payment of the State obligations and purposes declared in Articles XXII and XXIII, supra. But it is not important that the method of doing so shall be by any standard formula, if the purpose declared in the Constitution is carried into effect. In re Opinions of Justices, 237 Ala. 382, 186 So. 724.

The provision for using the surplus to reduce the ad valorem taxes is not self-executing. In re Opinions of Justices, 237 Ala. 671, 188 So. 899; Id., 241 Ala. 416, 3 So.2d 50.

We have under consideration the State as trustee of a fund created by authority of the Constitution, which must·be applied to certain purposes and none other. This requirement is precise and exacting and cannot by any method be circumvented. But there is nothing in the Constitution as to the form in which the fund shall be maintained in the State Treasury or whether it shall be invested so as to earn an income during the period of its inactivity. The State is made an express trustee of the fund. Article XXII, supra.

By Section 74, Constitution, the legislature is prohibited from authorizing the investment of any trust fund by executors, administrators, guardian or other trustees, in bonds or stock of any private corporation.

█ █ The Legislature has undertaken to prescribe the power of trustees in making investments, of course, subject to section 74, supra. Title 58, §§ 47 to 55, Code of 1940; White v. White, 230 Ala. 641, 162 So. 368. This power specifically includes investments in bonds of the United States. And such an investment is uniformly regarded as a safe and proper one. 65 C.J. 800, § 677.

█ The general rule is well settled that where trust money cannot be applied

either immediately or within a short time to the purposes of the trust it is the duty of the trustee to make the fund productive by investment of it in some proper security. 65 C.J. 795, § 672.

In Ex parte Selma & Gulf R. Co., 46 Ala. 423, the court was dealing with a fund created by an Act of Congress, in which the state was a trustee to be used for making public roads, canals, and improving navigation of rivers, called the three per cent fund.

This principle has been in substance approved in this State as applicable when the State is itself a trustee of funds held for a certain purpose. Ex parte Selma & Gulf Railroad Co., 46 Ala. 423.

But the State cannot now "lend money or its credit to any individual, association or corporation." Sections 23 and 93 (see Amendments 1 and 12), Constitution.

We think that we should eliminate as investments for State funds held in trust under the Income Tax Amendment (Articles XXII and XXIII, Constitution, supra), (1) any State of Alabama securities other than those for which the fund is pledged and held as security; (2) loans to any private individual, association or corporation; (3) bonds or stock of any private corporation. But this does not exclude bonds of the United States as a proper form of investment. The faith and credit of the United States is the foundation of all money values within its territory. If that is discredited, we have no financial security of any sort.

When the State has in its custody funds held in trust for certain purposes which cannot be applied to the purposes within a reasonably short time, with no prohibition to the contrary, we do not think the policy manifested by our Constitution in any of its features would prohibit the Legislature from authorizing and providing for an investment of them in the bonds of the United States of such description and bearing such interest and payable as may be selected pursuant to legislative authority, and held in trust until they are needed for the trust requirements, and then sold for that purpose.

It must be clearly understood that the income from such investments must be held in trust on the same terms and for the same purposes as is the principal.

We, therefore, wish to say in response to your inquiry, supra, that, in our opinion, the proposed act will not violate Article XXII or XXIII; nor conflict with the Act of April 17, 1933 (General and Local Acts 1933, Ex.Sess., page 189), which is supplementary to Article XXIII (the McDaniel Amendment [General and Local Acts of 1933, page 196]); nor does it seem to be in conflict with the Act of February 8, 1935, (Acts 1935, page 118), in which provision is also made for authority to invest the surplus income tax fund in the bonds for which the fund is pledged as security.

Respectfully submitted,

LUCIEN D. GARDNER
Chief Justice
WILLIAM H. THOMAS
VIRGIL BOULDIN
JOEL B. BROWN
ARTHUR B. FOSTER
J. ED. LIVINGSTON
THOMAS S. LAWSON
Associate Justices