30 So.2d 254

OPINION OF JUSTICES.

No. 73.

Supreme Court of Alabama.
April 23, 1947.

To the Justices of the Supreme Court of Alabama:

Gentlemen:

The Income Tax Amendment to the Constitution of Alabama, Article XXII (Amendment No. 25) provides in part that "All income derived from such tax shall be held in trust for the payment of the

floating debt of Alabama until all debts due on October 1st, 1932, are paid and thereafter used exclusively for the reduction of state ad valorem taxes", and further that "The legislature shall reduce the ad valorem tax from time to time when and to such an amount as the revenue derived from the income tax will justify."

Eight years ago, and again five years ago, the Justices of the Supreme Court called attention that these provisions were not self-executing. In re Opinions of the Justices, 237 Ala. 671 [188 So. 899]. In re Opinion of the Justices, 241 Ala. 416 [3 So.2d 50].

The Legislature, however, has never provided any method of applying the surplus of income tax collections to the reduction of ad valorem taxes, and a very large surplus over the amount necessary for the payment of the floating debt referred to has now accumulated in the State Treasury and is still accumulating.

My duty as Governor requires me to recommend to the legislature such measures as I deem to the best interest of the State. It is obvious that the income tax surplus already accumulated and future collections of income tax should be applied to the service of the people of the State. That surplus and those collections must lie idle until applied by the Legislature to the reduction of State ad valorem taxes unless the Constitution is further amended. I therefore request your opinion on the following questions:

Question No. 1. Can a further amendment to the Constitution proposed and adopted in the mode provided by Section 284 of the Constitution validly apply the surplus of income tax collections already accumulated to any purpose other than to the reduction of State ad valorem taxes?

Question No. 2. Can a further amendment to the Constitution validly apply future surplus income tax collections to any further purpose other than to the reduction of State ad valorem taxes?

Respectfully submitted,
James E. Folsom
Governor

Honorable James E. Folsom,
Governor of Alabama,
State Capitol,
Montgomery, Alabama.

Dear Sir:

Your two inquiries, attached hereto and appearing in the report of this opinion, relate to but one subject, that is, the disposition of surplus of the income tax revenue, considered by the individual members of the court in Re Opinions of the Justices, 237 Ala. 671, 188 So. 899, and in Re Opinion of the Justices, 241 Ala. 416, 3 So.2d 50. The surplus revenue referred to is sufficiently defined in these opinions and needs no repetition. We find no difficulty in answering your inquiries in the affirmative.

In Volume 1, Cooley's Constitutional Limitations, 8th Ed., page 84, the learned author made the following observation which, of course, is self-evident under our form of government: "In the original States, and all others subsequently admitted to the Union, the power to amend or revise their constitutions resides in the great body of the people as an organized body politic, who, being vested with ultimate sovereignty, and the source of all State authority, have power to control and alter at will the law which they have made."

Of course, as subsequently pointed out by the author, this power is limited by the provisions of the federal Constitution. Cooley's Constitutional Limitations, supra, page 88. The great body of the people, therefore, being vested with ultimate sovereignty and constituting the source of State authority have power to alter in the manner provided therein at will the law which they have made in their constitution so long as it violates no provision of the federal Constitution.

Coming, therefore, to the specific question as to the surplus of the income tax revenue, we may observe that there is no vested right in any property owner for such surplus to be devoted to the reduction of ad valorem taxes. No property owner has acted upon any such anticipation, and had no right to so act. It is well established that "a right cannot be regarded as

vested, in the constitutional sense, unless it amounts to something more than a mere expectation of future benefit or interest founded upon an anticipated continuance of the existing general laws." 11 Am.Jur. § 370. Again, in 11 Am.Jur. § 372 is the following observation: "There can, in the nature of things, be no vested right in an existing law which precludes its change or repeal, nor vested right in the omission to legislate on a particular subject. In no case is there an implied promise on the part of the State to protect its citizens against incidental injury occasioned by changes in the law. Every citizen in making his arrangements in reliance on the continued existence of laws takes on himself the risk of their being changed, and the State incurs no responsibility in consequence of the change proving injurious to his private interests. A repeal or amendment of a statute, however, cannot have the effect of extinguishing vested rights which have been acquired under the former law."

The courts of this State are in harmony with the foregoing principle. See Samples v. State, 19 Ala.App. 478, 98 So. 211, certiorari denied in Samples v. State, 210 Ala. 544, 98 So. 803. See also Mobile & G. R. Co. v. Peebles, 47 Ala. 317. Blake v. State, 178 Ala. 407, 59 So. 623.

The surplus funds on hand, as well as those to be accumulated in the future, represent money raised by operation of law for the support of the government. These funds constitute the property of the State. The people in their sovereign power enacted the constitutional amendment and it is fundamental that in the exercise of like power they can so change it as to divert this surplus to other purposes if they see fit.

We, therefore, conceive no reason against a change in the Constitution by the people in the adoption of the proposed amendment, as suggested in your inquiry.

We, therefore, answer inquiries 1 and 2 in the affirmative. All of which is most respectfully submitted.

(signed)   LUCIEN D. GARDNER
Chief Justice

(signed)   JOEL B. BROWN
Associate Justice

(signed)   ARTHUR B. FOSTER
Associate Justice

(signed)   J. ED. LIVINGSTON
Associate Justice

(signed)   THOMAS S. LAWSON
Associate Justice

(signed)   ROBERT T. SIMPSON
Associate Justice

(signed)   DAVIS F. STAKELY
Associate Justice