PER CURIAM.
Several employees of the City of Gadsden brought an action for declaratory judgment in the Circuit Court to have their rights declared under a retirement plan authorized by the legislature. Certiorari was granted by this Court to review the decision of the Court of Civil Appeals which reversed the judgment rendered in the Circuit Court.
The issues concern the effect of a legislative amendment to the original retirement act.
As noted in the opinion of the Court of Civil Appeals, the Circuit Court found that the rights of city employees who had retired or who had become eligible for retirement prior to the amendatory legislation were vested. Those employees who had not satisfied the conditions for retirement prior to the amendment were bound by the terms of the retirement plan as amended. The Court of Civil Appeals, however, found that none of the employees had acquired vested rights in their retirement benefits and that Act 904, 1975 Regular Session, modified the rights of all the employees, whether retired, eligible for retirement, or still in active service and not having attained retirement status. The issue before this Court is whether persons subject to a compulsory pension system secure vested contractual rights immune from legislative change or an expectancy created by law subject to change or revocation by the enacting authority.
Decisions of this Court have embraced the voluntary/mandatory dichotomy with respect to the vesting of pension rights in the context of public employment. It is clear that under voluntary retirement plans, certain rights vest and these rights cannot be abrogated. Snow v. Abernathy, 331 So.2d 626 (Ala.1976); Smith v. City of Dothan, 279 Ala. 571, 188 So.2d 532 (1966); City of Birmingham v. Penuel, 242 Ala. 167, 5 So. 723 (1942).
This Court has never held, however, that a mandatory retirement plan for public employees precludes the vesting of certain rights in situations where the employee has fulfilled all of the prerequisites necessary to receive retirement benefits. We analogize this situation to a unilateral contract, where the promisee has completely performed all of the obligations and all conditions precedent so that the promisor has an unqualified duty to pay those obligations. We are of the opinion that subsequent legislative alteration is barred by Art. 1, § 22 of the Alabama Constitution of 1901. As this Court stated in Opinion of the Justices, 249 Ala. 128, 30 So.2d 254 (1947):
. [a] repeal or amendment of a statute, however, cannot have the effect of extinguishing vested rights which have been acquired under the former law.
249 Ala. at 130, 30 So.2d at 256.
Therefore, all city employees who had retired prior to the effective date of Act 904, 1975 Regular Session had completed their obligations and satisfied their conditions precedent under the former law. All that remained was for the retirement fund to disburse funds to those retirees in accordance with the law under which they had served and under which they had retired. Their entitlement to these funds is tantamount to vesting so as to fall within the constitutional proscription noted above. We hold that without regard to whether a public retirement plan is mandatory or voluntary, where employees have served and retired, the benefits to which they are entitled may not be reduced subsequent to their retirement absent an express reservation of a right to amend at any time.
*843 There remain two classes of municipal employees whose rights must be determined; those employees who have served for at least twenty years and continue to serve, and those employees who have not yet completed their twenty years of municipal service. ' With regard to the former class of employees, we are of the opinion that the operative requirement for their entitlement to the benefits of the retirement fund was their rendering twenty years of service. Thus, if these employees completed twenty years of service before the effective date of the 1975 amendment, they had the right to retire with their benefits immune from subsequent legislative modification. This right, once vested, was neither destroyed by their election to continue work nor can it be now divested by subsequent legislative enactment. Having decided that these employees obtained the absolute unqualified right to retire and receive benefits upon the completion of twenty years of service, we hold as the Supreme Court of Arkansas noted in Pyle v. Webb, 253 Ark. 940, 489 S.W.2d 796 (1973) that:
rights conferred by statute are determined according to statutes which were in force when the rights accrued and are not affected by subsequent legislation. The Legislature has no power to divest legal or equitable rights previously vested.
253 Ark. at 943-44, 489 S.W.2d at 798.
This holding also comports with established Alabama law. In Smith v. City of Dothan, 279 Ala. 571, 188 So.2d 532 (1966), this Court noted than an employee who was eligible for retirement did not waive his vested rights by continuing in the same employment.
With respect to those employees who had not yet become eligible for retirement, we are constrained to hold that their interests had not matured into an unqualified right to receive the benefits set out in the statutory plan. We view the completion of twenty years’ service as a condition precedent to the vesting of an absolute right to receive these benefits. Therefore, absent this vesting, the compensatory scheme, including the retirement plan, was subject to legislative modification. Opinion of the Justices, 249 Ala. 128, 30 So. 254 (1947); City of Birmingham v. Penuel, 242 Ala. 167, 5 So.2d 723 (1942); State ex rel. Highsmith v. Brown Service Funeral Co., 236 Ala. 249, 182 So. 18 (1938); Hard v. State ex rel. Baker, 228 Ala. 517, 154 So. 77 (1934).
The judgment of the Court of Civil Appeals is therefore reversed and the cause remanded.
REVERSED AND REMANDED.
All the Justices concur.