Nevin G. Smith Secretary Department of Administration Tallahassee
QUESTION:
May persons already retired change the designation of their present joint annuitants, pursuant to s. 121.091(6)(d), F. S., 1979, or does the new law apply only to persons retiring after October 1, 1979, the effective date of s. 3, Ch. 79-375, Laws of Florida?
SUMMARY:
Section 3 of Ch. 79-375, Laws of Florida, amending s.121.091(6)(d), F. S., to permit retired members of the Florida Retirement System to change their designated joint annuitants after benefits have commenced under option 3 or option 4 as set forth in s. 121.091(6)(a), should be applied prospectively, and only those members who retire after October 1, 1979, the effective date of s. 3 of Ch. 79-375, should be allowed to change their designated `joint annuitant.'
Section 3, Ch. 79-375, Laws of Florida, amended s. 121.091(6)(d), F. S., to read:
 A member who elects the option in subparagraph 3. or subparagraph 4. of paragraph (a) shall, on a form provided for that purpose, designate his spouse or other dependent to receive the benefits which continue to be payable upon the death of the member. Such person shall be joint annuitant of the member. If, after benefits have commenced under the option in subparagraph 3. or subparagraph 4, the retired member desires to change his designation of a joint annuitant, he may do so only if his first designated joint annuitant is alive and can show evidence of good health which shall be substantiated by a statement from a physician licensed in this state. A member desiring to change his designation of a joint annuitant shall file with the division a notarized `change of joint annuitant' form. Upon receipt of a completed `change of joint annuitant' form the division shall adjust the member's monthly benefit by the application of actuarial tables and calculations developed to ensure that the benefit paid is the actuarial equivalent of the benefit to which the member was otherwise entitled under the option in subparagraph 1. of paragraph (a), taking into consideration the benefits that have already been paid at the time the member elects to change his designation of a joint annuitant. The consent of a retired member's first designated joint annuitant to any such change shall not be required. (Emphasis supplied.)
The effective date of s. 3, Ch. 79-375, Laws of Florida, was October 1, 1979. Section 121.091(6)(d), F. S., as amended by s. 3, Ch. 79-375, provides that a member of the retirement system who elects the option in subparagraph 3. or subparagraph 4., set forth in s. 121.091(6)(a), shall designate his spouse or other dependent to receive the benefits which continue to be payable upon the death of the member. Such designee shall be the joint annuitant of the member. While the interpretation and application of the amended statute is primarily the responsibility of the Division of Retirement as the administrator of the retirement systems assigned or transferred to it by law and trustee of the trust funds transferred to the Florida Retirement System, it is the opinion of this office that s. 3, Ch. 79-375, amending s. 121.091(6)(d), applies only to those members of the Florida Retirement System who retire after the effective date of the amendment, October 1, 1979.
The general rule of statutory construction applicable to this type of amendment is that there is a presumption that a legislative act operates prospectively unless there is a clearly expressed intent that it is to operate retrospectively. See Dewberry v. Auto-Owners Insurance Co., 363 So.2d 1077 (Fla. 1978); Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla. 1975); and Stateex rel. Riverside Bank v. Green, 101 So.2d 805 (Fla. 1958). As it is stated in Herberle v. P.R.O. Liquidating Co., 186 So.2d 280 at 282 (1 D.C.A. Fla., 1966), `[a] law is retroactive or retrospective if it takes away or impairs vested rights acquired under existing laws . . . .' Further, a statute expressed in general terms and in present tense will be given prospective effect and is therefore applicable to conditions coming into existence after the effective date of the statute. See State v. City of Miami, 134 So. 608 (Fla. 1931); and see State v. City of Jacksonville, 50 So.2d 532 (Fla. 1951). No such clearly expressed legislative intent as to retrospective operation is evinced from the language used in s. 3, Ch. 79-375, Laws of Florida. On the contrary, the statute is expressed in general terms and in present tense which the courts will ordinarily give a prospective effect.See State v. City of Miami, supra. Therefore, if such person designated as `joint annuitant' pursuant to s. 121.091(6)(d), F. S., had a right to receive benefits payable after the death of a retired member which vested prior to the effective date of s. 3, Ch. 79-375, then this amendment cannot be given a retrospective application to divest such person of his or her right to receive such benefits.
In 60 Am. Jur.2d Pensions and Retirement Funds s. 45 (1972), in discussing rights of widows, children, and dependents to pension benefits, it is stated:
 A statute which defines and limits the word `widow' and excludes from pension benefits a wife who has deserted her husband, the pensioner, and has not been depending upon him for her support, speaks as of the date of its passage, and its limitations then become operative, and although it applies as of that date to one who was then entitled to pension benefits under a former statute which contained no limitations whatever, as well as to widows who might thereafter claim them, it cannot apply to bar pension rights of a widow entitled to receive them under the former statute from the time such rights accrued under the former statute up to the effective date of the later statute.
See Gibbs v. Minneapolis Fire Department Relief Association,145 N.W. 1075 (Minn. 1914). The leading case in Florida in this area is City of Jacksonville Beach v. State ex rel. O'Donald,151 So.2d 430 (Fla. 1963). In O'Donald the Florida Supreme Court held that a City of Jacksonville Beach employee had at the time of his retirement a vested right of contract to all pensions benefits conferred on him by the law then in effect, and, consequently, his spouse's right to pension benefits to be paid upon his death vested at the time of his retirement and could not be impaired by legislation enacted after his retirement. See also Arnow v. Williams, 342 So.2d 1309 (1 D.C.A. Fla., 1977), in which the district court, in construing s. 122.08(4), F. S. 1969, determined that all rights vest at the time of retirement. The court at 1311 stated:
 At that time [retirement] if the retiree elects an option under which his spouse will benefit if he predeceases her, that person who is his spouse at the time of the election and upon whose age the actuarial equivalent is determined acquires vested rights in the option which the retiree elected.
Thus, under present Florida case law, the spouse or other dependent designated by the member pursuant to s. 121.091(6)(d), F. S., prior to its amendment by s. 3, Ch. 79-375, Laws of Florida, received a right to benefits which vested at the time of the member's retirement. Cf. In re Board of Trustees of the Policemen's and Firemen's Retirement Fund of the City of Gadsden v. Cary, 373 So.2d 841 (Ala. 1979), in which the Alabama Supreme Court held that, analogous to a unilateral contract situation in which `the promisee has completely performed all of the obligations and all conditions precedent so that the promisor has an unqualified duty to pay those obligations,' a public employee's pension plan amendment which reduced benefits could not be applied to a retired member who had completed his obligations and satisfied all conditions precedent under the former law; such person has a vested right and the amendment should only be applied to such persons whose retirement rights had not vested prior to the effective date of the amendment. The Alabama court based its ruling on a provision in s. 22, Art. I of the Alabama Constitution which prohibits any law that impairs the obligations of contracts. Florida has a similar constitutional provision contained in s. 10, Art. I, State Const.
In conclusion, it is the opinion of this office that s. 3, Ch. 79-375, Laws of Florida, amending s. 121.091(6)(d), F. S., to permit retired members of the Florida Retirement System to change their designated joint annuitants after benefits have commenced under the options in subparagraph 3 or subparagraph 4., as set forth in s. 121.091(6)(a), should be applied prospectively, and only those members who retire after October 1, 1979, the effective date of s. 3, Ch. 79-375, should be allowed to change their designated `joint annuitant.'
Prepared by:
Craig B. Willis Assistant Attorney General