PER CURIAM.
Several employees of the City of Gadsden’s Fire and Police Departments appeal from a judgment dismissing their complaint against the defendant, the City of Gadsden, for breach of an implied contract.
A retirement system for police officers and firefighters employed by the City of Gadsden was created by legislative Act No. 106, Regular Session 1939, and that system has been modified from time to time thereafter by further legislative acts, including Act No. 904, Regular Session 1975, which is the subject of this action.
*984 The employees argue that less than twenty years prior to the adoption of Act No. 904, approved October 8, 1975, which amended the Policeman’s & Fireman’s Fund Act for the City of Gadsden, they entered into an agreement with the City which included the provision that upon completing twenty years of employment service and contributing a certain percentage of their salaries they would be eligible for retirement and upon retirement would receive a sum equal to fifty percent of the rate of pay for the rank they held at the time of their retirement. The employees argue that the City of Gadsden breached this agreement, because Act No. 904 fixed retirement pay at a rate based on their last three years’ rank. The employees demand specific performance of the alleged agreement.
The issue presented in this case was decided by this Court in Board of Trustees of the Policemen’s & Firemen’s Retirement Fund of the City of Gadsden v. Cary, 373 So.2d 841 (Ala.1979). This Court held:
“With respect to those employees who had not yet become eligible for retirement [as of October 8, 1975], we are constrained to hold that their interests had not matured into an unqualified right to receive the benefits set out in the statutory plan. We view the completion of twenty years’ of service as a condition precedent to the vesting of an absolute right to receive these benefits. Therefore, absent this vesting, the compensatory scheme, including the retirement plan, was subject to legislative modification.”
Cary, at 843.
The employees in this case had not served twenty years of employment at the time Act No. 904 became law; thus, their retirement benefits had not vested. Therefore, on the authority of Cary, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON, EMBRY and ADAMS, JJ., concur.