HARRIET E. BALL v. THE BOARD OF TRUSTEES OF THE
TEACHERS' RETIREMENT FUND.

Submitted February Term, 1904—Decided June 13, 1904.

1. The legal relation between public school teachers who accepted
   the provisions of the act of 1896 (*Pamph. L.*, *p.* 58) and the
   board of trustees of the teachers' retirement fund, is that of
   contract, the terms of which are to be ascertained by reference
   to the statute. This contract cannot be altered without the con-
   sent of both parties thereto, upon sufficient consideration.
2. The act of 1899 (*Pamph. L.*, *p.* 475) is inoperative to affect the
   contract made between the plaintiff and defendant by the plaint-
   iff's acceptance of the act of 1896.

On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON,
GARRISON and SWAYZE.

For the plaintiff, *Edwin B. Goodell.*

For the defendant, *C. Franklin Wilson* (*Vreeland, King,
Wilson & Lindabury*).

The opinion of the court was delivered by

SWAYZE, J.    This is an action brought against a public
board created by acts of the legislature (*Pamph. L.* 1896, *p.*
58; *Pamph. L.* 1899, *p.* 475), which are now embodied in
article 25 of the School law of 1903. *Pamph. L., p.* 80;
*Pamph. L.* 1904, *p.* 80. The board was originally created
for the purpose of administering a fund made up (1) of
contributions of teachers who elect to come under the
provisions of the act; (2) of money and property received
by donation, legacy, gift, bequest or otherwise, and (3)
"of all other methods of increment as may be duly and
legally devised for the increase of the fund." The section
of the act of 1896 important in the present case is
section 3. That section provides that whenever any teacher

entitled to the benefits of the act has taught in the public schools for twenty years, and becomes incapacitated from performing the duties of a teacher, such teacher shall, at his or her request, be retired as a teacher, and shall thereafter receive an annuity out of said fund. The other provisions of the section are not material to the present question. The act of 1899 amended this section by making the retirement of the teacher dependent upon the approval of the board of trustees, so that thereafter the incapacitated teacher was not entitled to receive the annuity merely upon his or her request, as under the act of 1896. The amended section provided that the decision of the board of trustees upon any application for such annuity should conclusively determine the right of the applicant thereto.

The difference between the act of 1896 and the act of 1899 is that under the former the incapacitated teacher had an absolute right to the annuity upon compliance with the then prescribed conditions; under the latter, the right depended on the action of the board of trustees. It is upon this distinction that the plea which has been demurred to relies.

The declaration avers a compliance with all the conditions required by the act of 1896 except the payment of twenty per cent. of the salary, and as to that avers that the plaintiff has tendered herself ready and willing to pay, and is now ready and willing so to do, and that the defendant refused to receive the same and expressly waived payment thereof.

The plea demurred to, after setting out the provisions of the act of 1899 above referred to, avers that the board has not decided upon the plaintiff's application, which is still pending before the board and undetermined.

The question for solution, therefore, is whether the rights of the plaintiff acquired by her under the act of 1896 can be taken away by subsequent legislation.

The legal relation between the plaintiff and the defendant is that of contract. By electing to accept the provisions of the act of 1896, and making or tendering the necessary pay-

ment, the plaintiff, when incapacitated, became entitled to the annuity, which, although not a personal obligation of the board of trustees, was payable to her out of the fund. The terms of the agreement are to be ascertained by reference to the statute. When this agreement was once made, it could not be altered without the consent of both parties thereto and upon sufficient consideration. The fact that the terms of the agreement were embodied in an act of the legislature does not change its essential character as a contract, and it was beyond the power of the legislature to impair the obligation of this contract by subsequent legislation. The annuity is not a pension granted by the state, and no part of it is payable out of state funds. The fund is the result of contributions by the teachers who elect to take part in the scheme, and the rights of the contributors must necessarily depend upon the agreement under which they entered into the scheme.

The act of 1896 authorized the board of education of each municipality to reserve monthly and pay over to the state treasurer one per centum of the salaries paid to teachers who elect to come under the provisions of this act. The act of 1899 contains the same provision in somewhat different language. Section 10 provides that any teacher who has heretofore signed and delivered the notice required to evince an election to come under the provisions of the act "shall be deemed to have accepted the provisions of this act by receiving any sum of money as salary from which there shall have been made a deduction under the provisions of the seventh section of this act."

The difficulty with this provision is that the plaintiff was already bound to submit to the same deduction under the act of 1896, and she must either submit to the deduction or break her contract. She had no other choice, and her continued submitting to the deduction evinced only her determination to perform her contract; the performance of that contract could not, by legislative enactment, be transmuted into an assent to a new and different contract. For such new contract a consideration is lacking.

What the act of 1899 attempted to do was to impair the

obligation of an existing contract, and this is beyond the power of the legislature.

A reference is made in the brief of counsel for the defendant to the application made by the plaintiff to the defendant to be retired pursuant to the acts of 1896 and 1899. This application is not set forth or referred to in the pleadings, and therefore cannot be noticed.

The plaintiff is entitled to judgment upon this plea.

It is not necessary, now, to decide whether the plaintiff's proper remedy may not be by *mandamus.*