FEBRUARY TERM, 1911. 135

52 Vroom. Allen v. Board of Education of Passaic.

---

MYRTLE ALLEN, APPELLANT, v. BOARD OF EDUCATION OF THE CITY OF PASSAIC, RESPONDENT.

Argued November 1, 1910—Decided February 27, 1911.

1. The provisions of the supplement (*Pamph. L.* 1907, *p.* 374, § 221, ¶ 4) to the School law become a part of the contract entered into by a person accepting, after January 1st, 1908, any position, designated in said act, by the mere fact of acceptance, and authorize the deduction and retention for the teachers' retirement fund, of the percentage prescribed by the School law, from the stated salary of the incumbent of such position, pursuant to section 219 of said supplement.

2. The deductions authorized by section 219 of the act of 1907 (*Pamph. L., p.* 365) do not constitute the taking of property without due process of law, or the taking of private property for public use without just compensation.

3. The retention for the teachers' retirement fund of the percentages of salaries authorized by section 219 of the act of 1907 (*Pamph. L., p.* 365) is not intended to be, and is not in fact, an exercise of the taxing power of the state.

4. Article XXV. of the act of 1907 (*Pamph. L., p.* 365) amendatory of the School law, creating and providing for the teachers' retirement fund, is not a private, local or special law, violating article four, section seven, paragraph eleven of the constitution.

5. Where all objects which can constitutionally be included in a class, are by legislation recognized by inclusion therein, such legislation will be general in the constitutional sense.

6. The act of 1907 (*Pamph. L., p.* 365), in creating "The board of trustees of the teachers' retirement fund," with powers enumerated in section 220, is not a special act conferring corporate powers, in violation of article four, section seven, paragraph eleven of the constitution.

7. The title of "An act to establish a thorough and efficient system of free schools, and to provide for the maintenance, support and management thereof," approved October 19th, 1903, expresses a single object, and the creation thereby of the "board of trustees of teachers' retirement fund" is germane to and one of the products of the act.

On appeal from Passaic District Court.

Before Justices GARRISON, SWAYZE and VOORHEES.

For the appellant, *Andrew Foulds, Jr.*

For the appellee, *John Scott Davison* and *Robert H. McCarter.*

For the state board of education, *Edmund Wilson,* attorney-general, *Nelson B. Gaskill,* assistant attorney-general.

The opinion of the court was delivered by

VOORHEES, J. In the District Court of the city of Passaic, the plaintiff, a school teacher, instituted an action to recover the sum of $54.16 as salary due her from the defendant, the board of education of the city of Passaic, for the

month of April, 1910, which had fallen due and from which the defendant had deducted and reserved the sum of $1.08, being two per cent. thereof, claiming the right so to do by virtue of section 219 of the supplement to the School law, approved May 7th, 1907. *Pamph. L., p.* 371. The real controversy concerns the right of the defendant to make this deduction.

It appears that the parties entered into a written contract on the 27th of May, 1909, by which the plaintiff was employed as a grade teacher in the public school of the city of Passaic, at an annual salary of $650, payable in twelve equal installments at the end of each month, and she entered upon her duties on the 7th of September, 1909.

Upon the argument in this court, a motion to dismiss the appeal was made by the board because there had been no effort on the plaintiff's part to have either the state superintendent of public instruction or the state board of education pass upon the controversy before bringing suit, pursuant to the School law of 1903. *Pamph. L. (Special Sessions), p.* 7, § 10. The conclusion which the court has arrived at concerning the disposition of this case on its merits renders it unnecessary to pass upon the motion to dismiss. By permission of the court, the attorney-general, on behalf of the state board of education, has submitted a brief.

The teachers' retirement fund was created by statute of 1896. *Pamph. L., p.* 58. An amendment was passed in 1899. *Pamph. L., p.* 475. These acts were before this court in *Ball* v. *The Trustees*, 42 *Vroom* 64, and it was there held that the relation between teacher and the trustees of the retirement fund is that of contract, the terms of which were embodied in the acts of the legislature, and the rights of teachers who elect to take part in the scheme depend upon the agreement under which they became members of the fund. Up to that time and afterwards, under the School law of 1903, every teacher was not a member of the fund, but had an election or option to become such by complying with certain conditions prescribed by the act. By the amendatory

act of 1907 (*Pamph. L., p.* 374, § 221, ¶ 4) a new section was enacted, reading as follows:

"Every person who shall be appointed to any position hereinafter designated, on or after the first day of January, one thousand nine hundred and eight, shall become a member of the fund by virtue of such appointment."

This statute was in force when the contract between the plaintiff and defendant was entered into and it formed a part of such contract and was one of the terms of employment of the plaintiff. The creation of this fund was an important public measure which may well be considered as tending to make the system of free schools established by the act both thorough and effective by rendering the position of teacher a more desirable one because of the advantages arising out of the fund. It was a public scheme designed for the betterment of a branch of the service. It was offered to persons seeking and desirous of becoming teachers, who were at liberty at their option to accept such positions subject to the terms of the statute, or to refuse them. If they did accept, then the provisions of the act became, by such acceptance, binding upon them.

We conclude, therefore, that the act, aside from any constitutional invalidity, became a part of the contract entered into between the parties to this suit and authorized the deduction of the percentage retained by the school board and that the judgment of nonsuit was properly ordered.

Constitutional objections to the act, however, are urged on the part of the plaintiff. First, it is said, it violates the first section of the bill of rights and deprives persons of property without due process of law. The argument is that this procedure established by the act constitutes a taking of property of one person and giving it to another, or if the use be considered a public use, then there is a taking of private property without just compensation. This argument loses sight of the fact that by the terms of the agreement of employment embodying the statutory terms, the salary to be paid was a net amount, and not a gross amount, and thus there was in fact no taking.

The next objection urged is that the act cannot be sustained as the exercise of the taxing power of the state. In answer, it may be said that the act is not intended to be, and is not in fact, an exercise of that power.

Another alleged infirmity of the act is that it is special, violating article 4, section 7, paragraph 11 of the constitution, which provides that "the legislature shall not pass private, local or special laws" in any of certain enumerated cases. Under this point, counsel in his brief thus attacks the act:

"Article XXV. of the act (*Pamph. L.* 1907, *p.* 365) which creates and provides for the Teachers' Retirement Fund grants to a corporation or association, 'The Board of Trustees of the Teachers' Retirement Fund,' exclusive privileges, immunities and franchises (sections 216, 217, 220), and also to certain individuals, those employed prior to January first, one thousand nine hundred and eight (section 221, IV.), certain exclusive privileges, among which is the right to receive his or her entire contractual salary, which right is denied to those employed or appointed after that date."

The statute, of necessity, considered two classes, those employed before its enactment and those who assumed positions of employment after its approval. Of the former class, by reason of the contracts entered into by some before its enactment, upon the constitutional grounds stated in *Ball* v. *Board of Trustees, supra,* it was not possible to compel all teachers to be governed by the act. Yet the act in recognition of this state of affairs granted to such teachers an optional right to avail themselves of its privileges. The act contains no expression that its benefits are exclusively for those who become members of the fund after the enactment of the supplement.

Where all objects, which can constitutionally be included in a class, are by legislation recognized by inclusion therein, such legislation will be general in the constitutional sense. See *State Board of Health* v. *Diamond Mills Paper Co.,* 18 *Dick. Ch. Rep.* 111; *affirmed,* 19 *Id.* 793.

Still another attack is made by the assertion that the act confers corporate powers in violation of article 4, section 7,

paragraph 11 of the constitution, in creating "the board of trustees of the teachers' retirement fund" (section 213) with powers, among others, enumerated in section 220.

The text of the constitution relating to this subject is "the legislature shall pass no special act conferring corporate powers, but they shall pass general laws under which corporations may be organized and corporate powers of every nature obtained, subject, nevertheless, to repeal or alteration at the will of the legislature." *Const.* 4, § 7, ¶ 11. As was said in *Jersey City* v. *North Jersey Street Railway Co.*, 44 *Vroom* 175, "the soundness * * * of the position depends upon whether this statute is general or special." See, also, *Delaware Bay, &c.; R. R. Co.* v. *Markley*, 18 *Stew. Eq.* 139.

The legislature is likewise prohibited by the constitution in the same paragraph from passing "private, local or special laws," "for the management and support of free public schools," and in the preceding paragraph 6 the constitution directs that "the legislature shall provide for the maintenance and support of a thorough and efficient system of free schools," &c.

That the act under consideration is general, not special, I think must be conceded. It was enacted in obedience to the constitutional mandate, is in terms general, extends throughout the entire state and purports to deal with the single general subject of a system of free schools, "for the instruction of all the children in this state between the ages of five and eighteen years." Moreover, this provision has been held to apply only to private corporations, *i. e.*, not to municipal corporations. *Pell* v. *Newark*, 11 *Vroom* 71; *affirmed, Id.* 550. If this be a corporation at all, it is of a political character; constituting an arm of the public service, to carry into effect public duties and powers; a corporate organization for such purpose, could not properly be created under the general corporation laws.

What has been said on this topic is without intending to intimate that the retirement fund is in fact a corporation, and also without justifying an attack upon its existence if indeed it be such, by this method, for that must be accom-

plished by *quo warranto*.    *Howe* v. *Board of Education*, 43 *Vroom* 161.

The remaining objections of a constitutional character are that the object of the act as concerns the teachers' retirement fund is not expressed in the title and that the act embraces more than one object.    A reference to the opinion of Mr. Justice Garrison in *Moore* v. *Burdette*, 33 *Vroom* 163, will make plain the distinction between the object of the law and those things which may be produced by the law.    The former by the constitution must be single, but the latter, viz., "the product may be as diverse as the object requires and finds its expression in the terms of the enactment only."

Contracts relating to the employment of teachers under a thorough and efficient system of instruction, if they could be divorced from the system, certainly are not improperly related to it.    From these contracts becomes established a fund available for disabilities and infirmities of old age, and therefrom flow inducements for long and continued service, with its consequent enlarged experience and other numerous advantages readily recognized by every thoughtful person, making for efficiency and thoroughness.

The title to the act expresses a single object, and the creation thereby of the "board of trustees of the teachers' retirement fund" is germane to, and one of the products of, the act. *Newark* v. *Cemetery Company*, 23 *Vroom* 539;  *affirmed*, 29 *Id*. 168.

These objections, therefore, cannot prevail and the nonsuit will be affirmed.    The facts having been fully settled by stipulation in the court below in this case, judgment for the appellee will be ordered to be entered in this court, with costs.