JOHN J. JONES, Plaintiff, *v.* LEWIS J. VALENTINE, as Police Commissioner of the City of New York and as Trustee and Treasurer of the Police Pension Fund of the City of New York, Defendant.

Supreme Court, Queens County, April 27, 1937.

*Sidney Fertig*, for the plaintiff.

*Paul Windels, Corporation Counsel [Charles E. Hirsimaki, Assistant Corporation Counsel*, of counsel], for the defendant.

MAY, J.   Motion by defendant for summary judgment dismissing plaintiff's complaint wherein he seeks to recover as money damages the amount of pension moneys withheld while he, a retired New York city policeman, held office (subsequent to such retirement) as a deputy sheriff of Queens county.   Plaintiff opposes the motion for a dismissal but joins in the request for summary judgment, asking a determination in his favor on the law, the facts being conceded.

Such facts show that plaintiff became a member of the police department of the city of New York on October 1, 1896, and served continuously therein until October 1, 1921, when he retired on a pension pursuant to the provisions of section 355 of the Greater New York Charter.   On January 1, 1932, plaintiff was appointed deputy sheriff of the county of Queens as aforestated, whereupon his pension was suspended and forfeited, during his incumbency of that office, pursuant to the provisions of section 1560 of the Greater New York Charter which, in part, provides: " If a person who may hereafter be awarded a pension from the City of New York or any of the departments thereof, or out of any fund under said city or any of its departments, shall hold any office, employment or position under the State or the city of New York or any of the counties included within said city, except the offices of commissioner of deeds, notary public, or an elective public officer (*sic*), the payment of said pension shall be suspended and forfeited during and for the time he shall hold such office, position or employment."

Plaintiff's contention is that he was granted a pension for his natural life under the provisions of section 355 of said charter and that such pension, pursuant to the provisions of that section, " shall not be revoked, repealed or diminished."

Section 1560 has been a part of the charter since 1901 (Laws of 1901, chap. 466), and its provisions, unless otherwise inapplicable, became binding upon plaintiff long before his right to a pension had become vested (*Matter of O'Brien* v. *New York State Teachers' Retirement Board*, 215 App. Div. 220; affd., 242 N. Y. 530); in this respect differing from the factual situation presented in *Roddy* v. *Valentine* (243 App. Div. 781; affd., 268 N. Y. 228).

Plaintiff's attack upon the withholding of his pension is based upon constitutional grounds. While such an issue does not appear to have been directly involved therein, this section has been under consideration by our courts and was inferentially approved in *New York City Employees' Retirement System* v. *Eliot* (267 N. Y. 193) and *Roddy* v. *Valentine* (*supra*).

Plaintiff argues that portions of his salary went into the pension fund and to that extent furnished consideration for a contractual relationship which defendant has sought illegally to impair. But the answer to this, to my mind, is to be found in the reasoning set forth, under a somewhat analogous situation, in *Pennie* v. *Reis* (132 U. S. 464, pp. 470, 471). The deductions of two per cent from plaintiff's salary which, with funds derived from certain fines, licenses and various other sources, went into the police pension fund, though called part of his compensation, were never actually received or controlled by him, nor could he have prevented their appropriation to the fund in question. (See, also, 12 C. J. 1020.)

In this respect the situation presented differs from the facts shown in *Graef* v. *Department of Health* (131 Misc. 258), where membership in the pension fund was as a result of a voluntary act on the part of the beneficiary and an authorized deduction from salary which otherwise would have been paid to him in full.

Judgment for defendant accordingly.