Emilio González Cuevas, Plaintiff and Appellant, *v.* Savings and Loan Fund Association, etc., et al., Defendants and Appellees.

No. 7751.   Argued July 5, 1938.—Decided November 9, 1938.

*R. Cuevas Zequeira* for appellant.  *R. Martínez Nadal, Celestino Iriarte, C. Ruiz Nazario, F. Fernández Cuyar, H. González Blanes* and *Carlos H. Juliá* for appellee Association.  *B. Fernández García, Attorney General,* for the Treasurer and Auditor of Puerto Rico, appellees.

Mr. Chief Justice Del Toro delivered the opinion of the court.

Emilio González Cuevas, an elementary teacher in the public schools of Juncos, filed a petition for a declaratory judgment in the District Court of San Juan, averring that during the school year 1937–1938 he held his position by virtue of a contract with the Government of Puerto Rico, providing for a compensation of $85.50 monthly; that on May 15, 1937, there was approved Act No. 150 of the Insular Legislature which required all permanent public employees and officials of the Government, including teachers, to become members of the Savings and Loan Fund Association of the Insular Government of Puerto Rico, and which involves a discount of 3 per cent monthly from his salary, which is deducted by the Auditor and delivered to the Insular Treasurer to make up the savings and loan fund of the aforesaid association; that said act is void because it is in conflict with section 2 of the Organic Act, since it deprives the petitioner of his property without due process of law and impairs the value of his contract; that it is furthermore void because it violates sections 25 and 34 of the Organic Act, in that it delegates legislative powers to the association and violates

the principle that the salary of an officer may not be increased or diminished after his election or appointment.

Plaintiff also contended that the act in question is void because it is discriminatory in so far as it establishes differences in the enjoyment of benefits to the extent that employees pass or do not pass the physical examination or any other examination that the physician of the association may deem proper to require.

The association and the Auditor and the Treasurer of Puerto Rico appear as defendants in the petition. They filed demurrers and in their answer contended that the law was valid.

The petition was finally dismissed on January 19, 1938, and the petitioner appealed to this Supreme Court. After the record was filed, the appellees filed a motion to dismiss the appeal on the ground that the same was frivolous, which motion was so fully discussed by the parties both orally and by brief that the case was expressly submitted at that time for a final decision on the merits.

From a careful study of all the questions raised, we are convinced that the act is constitutional. Apart from the reasons appearing in the opinion of the three district judges who entered the judgment, strong support is found in the opinion of the Supreme Court of New Jersey, in the case of *Allen* v. *Board of Education,* (N.J.) 79 Atl. 101, similar to this case, where that court said:

"In the district court of the city of Passaic the plaintiff, a school teacher, instituted an action to recover the sum of $54.16 as salary due her from the defendant, the Board of Education of the city of Passaic, for the month of April, 1910, which had fallen due, and from which the defendant had deducted and reserved the sum of $1.08, being 2 per cent thereof, claiming the right so to do by virtue of section 219 of the supplement to the school law approved May 7, 1907. P. L. 1907, p. 371. The real controversy concerns the right of the defendant to make this deduction.

"It appears that the parties entered into a written contract on the 27th of May, 1909, by which the plaintiff was employed as a

grade teacher in the public schools of the city of Passaic, at an annual salary of $650 payable in 12 equal instalments at the end of each month, and she entered upon her duties on the 7th day of September, 1909. Upon the argument in this court, a motion to dismiss the appeal was made by the board, because there had been no effort on the plaintiff's part to have either the State Superintendent of Public Instruction or the State Board of Education pass upon the controversy before bringing suit, pursuant to the school law of 1903. The conclusion which the court has arrived at concerning the disposition of this case on its merits renders it unnecessary to pass upon the motion to dismiss. . . .

"The Teachers' Retirement Fund was created by statute of 1896. P. L. 1896, j. 58. An amendment was passed in 1899. P. L. 1899 p. 475. . . . By the amendatory act of 1907 (P. L. 1907, p. 374, sec. 221, par. 4) a new section was enacted, reading as follows: 'Every person who shall be appointed to any position hereinafter designated, on or after the first day of January, one thousand nine hundred and eight, shall become a member of the fund by virtue of such appointment.'

"This statute was in force when the contract between the plaintiff and defendant was entered into, and it formed a part of such contract and was one of the terms of employment of the plaintiff. The creation of this fund was an important public measure, which may well be considered as tending to make the system of free schools established by the act both thorough and effective by rendering the position of teacher a more desirable one, because of the advantages raising out of the fund. It was a public scheme designed for the betterment of a branch of the service. It was offered to persons seeking and desirous of becoming teachers, who were at liberty, at their option, to accept such positions, subject to the terms of the statute, or to refuse them. If they did accept, then the provisions of the act became by such acceptance binding upon them. We conclude, therefore, that the act, aside from any constitutional invalidity, became a part of the contract entered into between the parties to this suit, and authorized the deduction of the percentage retained by the school board, and that the judgment of nonsuit was properly ordered.

"Constitutional objection to the act, however, are urged on the part of the plaintiff: First, it is said it violates the first section of the Bill of Rights and deprives persons of property without due process of law. The argument is that this procedure established by the act constitutes a taking of property of one person and giving

it to another, or if the use be considered a public use, then there is a taking of private property without just compensation. This argument loses sight of the fact that, by the terms of the agreement of employment embodying the statutory terms, the salary to be paid was a net amount, and not a gross amount, and thus there was in fact no taking.

"*　　　*　　　*　　　*　　　*　　　*　　　*

". . . From these contracts becomes established a fund available for disabilities and infirmities of old age, and therefrom flow inducements for long and continued service, with its consequent enlarged experience and other numerous advantages readily recognized by every thoughtful person, making for efficiency and thoroughness."

The judgment appealed from must therefore be affirmed.

Mr. Justice Hutchison and Mr. Justice De Jesús took no part in the decision of this case.