40 So.2d 427

SWEET, Director, Department of State Docks and Terminals, v. WILKINSON et al.

1 Div. 354, 354–A.

Supreme Court of Alabama.

April 21, 1949.

Rehearing Denied May 26, 1949.

Chas. Hoffman, of Mobile, for appellant.

Wilkinson & Skinner, of Birmingham, for appellees.

General Acts 1947, page 74, Code 1940, Tit. 38, § 45(7) et seq.

The trial court made declaration favorable to complainants, and the director appeals. Some preliminary questions are raised.

It is first insisted that it is a suit against the State prohibited by section 14 of the Constitution. But all the incidents of a justiciable controversy exist whereby, an officer of the State is uncertain in the discharge of his duties as to whether he should pay out of funds under his control and held for the payment of expenses of conducting the department, the claim for such attorneys' fee made by appellees. We have held that such a suit is for the guidance of the parties in the discharge of their duties, although they are State officers, and does not violate section 14, supra. Curry v. Woodstock Slag Corp., 242 Ala. 379, 6 So.2d 479.

As to Rule 58, Code 1940, Tit. 7 Appendix: Submission on Bill and Answer.

The answer admits the material facts on which complainants base their claim, and sets up no facts in avoidance. The declaratory judgment states that the cause coming on to be heard was submitted on the sworn petition and answer of defendant. It is not expressly shown to be thus submitted by agreement of all parties, other than those against whom decrees pro confesso have been lawfully taken as required by Equity Rule 58.

But it will be presumed that this was done at a regular call, and that both parties were present, and no objection being noted consent of all parties will be presumed.

This rule grew out of old chancery procedure, whereby a complainant (but not respondent) could require a submission on bill and answer, without a replication (which had not then been abolished, see Equity Rule 27), and without proof. 1 Daniell's Ch. Pl. & Pr., 6th Ed., sections 828, 829, pp. 822, 823. Under the old rule any matter set up in the answer was admitted by a submission on bill and answer without a replication denying it,

FOSTER, Justice.

This is a suit filed by appellees, who are attorneys-at-law, to have determined a controversy between them and appellant as director of the State Department of Docks and Terminals in respect to attorneys' fee claimed by them to be payable under a contract with the director for services in connection with the preparation of an act for the legislature and the legal aspects of a bond issue under it for the enlargement of the State docks at Mobile. The proposed act was considered by the justices as reported in Opinion of the Justices, 249 Ala. 180, 30 So.2d 715: Act of July 24, 1947,

which replication put the burden on defendant to prove it. But by the abolition of a replication in equity, it is now taken as though such matter were denied and defendant must prove it. See, Equity Rule 25. So that if respondent is willing, there is no reason why complainant may not submit on bill and answer. Cox v. Dunn, 243 Ala. 176, 9 So.2d 1.

## Note of Submission.

It is also contended by appellant that there was error because there was no note of the submission signed by the parties or their attorneys showing the proof upon which each rests his case, as required by Equity Rule 57. But this rule does not require a note of the pleadings when they serve merely to set forth the issues. Cox v. Dunn, supra. There was no evidence to be noted by either party.

## Merits of the Controversy.

So we find nothing contended for which prevents us from considering the merits of the controversy. They are stated in paragraphs three to nine, inclusive, of the bill, which will be set out in the report of the case. A demurrer to the bill was overruled.

The answer of defendant admits the material allegations of fact stated in the bill, but does not concur in the conclusions of law. The decree on demurrer and the final decree are assigned as error, and the defendant has cross assigned errors for that the decree did not respond to one contention.

Appellees claim that the effort to limit the attorneys' fee to be paid in connection with the bonds and the drafting of the act, as set forth in section 7½ of the Act of July 24, 1947 (see General Acts of 1947, p. 74), contravenes section 22 of the Constitution, in that it would impair the obligation of their contract, and violates section 45 of the Constitution because the subject matter of said section is not clearly expressed in the title, and adds another subject.

Of course to be protected by section 22, supra, plaintiffs must have had a valid binding contract, which imposed an obligation. They rely upon a part of Title 38, section 10, Code, whereby it is provided that "the director shall appoint a secretary-treasurer and as occasion requires may appoint such employees, attorneys, and experts as may be necessary to perform all services needed in the management, operation, and control of the docks and terminal facilities provided for in this chapter." Also that part of Title 38, section 3, as amended July 7, 1945, as follows: "All the powers, authority and duties vested in the department of state docks and terminals and any powers, authorities and duties hereafter vested in the department of state docks and terminals, shall be exercised by the director of state docks and terminals." See, Pocket Part, Title 38, section 3, Code.

It is necessarily contemplated that the director shall contract obligations for the ordinary operation of so large a business. If it is for an amount exceeding $5000, it must be approved by the governor. Title 38, section 36, Code. This obligation was so approved. The authority generally to make contracts of the sort is recognized in State Docks Comm. v. Barnes, 225 Ala. 403, 143 So. 581; State Board of Administration v. Roquemore, 218 Ala. 120, 117 So. 757. They are not State debts, but debts only of the State agency. Harman v. Alabama College, 235 Ala. 148, 177 So. 747. Especially is this true in respect to handling the bond issue here involved. The services of attorneys are necessarily anticipated.

Section 22, Constitution, does not simply inhibit the State from impairing the obligation of contracts between individuals, but with like force and effect the provision applies to contracts made by the State or one of its agencies when authorized by law. Fletcher v. Peck, 6 Cranch, U.S., 87-137, 3 L.Ed. 162; State of Indiana v. Brand, 303 U.S. 95, 58 S.Ct. 443, 82 L.Ed. 685, 113 A.L.R. 1482; Dodge v. Board of Education, 302 U.S. 74, 58 S.Ct. 98, 82 L.Ed. 57; Slaughter v. Mobile County, 73 Ala. 134.

In the case of Hard, Comptroller v. State ex rel. Baker, 228 Ala. 517, 154 So. 77, 81, this Court reviewed certain decisions of this State relating to the power

of the legislature to impair the obligation of its contracts, and quoted from them as follows:

"Thus in Stevens v. Thames, 204 Ala. 487, 488, 86 So. 77, 78, opinion by Chief Justice Anderson, it was said that a state agency is 'chargeable with notice of that legal principle that the state could make no legal binding contracts with reference to the future maintenance, management, and control of its governmental or other public agencies. * * * In other words, the contractual clause of the federal and state constitutions has no application to obligations on the part of the state as to the location, conduct, or management of its own institutions. Newton v. Board of County Commissioners of Mahoning County, 100 U.S. 548, 25 L.Ed. 710.'

"We quote the following from Birmingham Mineral Railroad Co. v. Parsons, 100 Ala. 662, 665, 13 So. 602, 603, 27 L.R.A. 263, 46 Am.St.Rep. 92: 'As is well said in American Union Tel. Co. v. Western Union Tel. Co., 67 Ala. 26, 32, 42 Am.Rep. 90: "The police power of a state is a most important power, essential to its very existence, and has been declared by the supreme judicial interpreter of the federal constitution to embrace 'the protection of the lives, health, and property of her citizens, the maintenance of good order, and the preservation of good morals;' and the legislature cannot, by any contract, divest itself of the power to provide for these objects." Boston Beer Co. v. Massachusetts, 97 U.S. 25, 24 L.Ed. 989.' See, also, Ex parte Lambert, 52 Ala. 79."

But in State of Indiana v. Brand, 303 U.S. 95, 58 S.Ct. 443, 450, 82 L.Ed. 685, 113 A.L.R. 1482, the United States Supreme Court in reversing the Indiana Supreme Court, 5 N.E.2d 531, 110 A.L.R. 778, held that state contracts (there considering the teachers tenure act) were binding on the state subject to a proper application of the state's police power, using the following language:

"Our decisions recognize that every contract is made subject to the implied condition that its fulfillment may be frustrated by a proper exercise of the police power but we have repeatedly said that, in order to have this effect, the exercise of the *power must be for an end which is in fact public and the means adopted must be reasonably adapted to that end,* and the Supreme Court of Indiana has taken the same view in respect of legislation impairing the obligation of the contract of a state instrumentality. The causes of cancellation provided in the act of 1927 and the retention of the system of indefinite contracts in all municipalities except townships by the act of 1933 are persuasive that the repeal of the earlier act by the later was not an exercise of the police power for the attainment of ends to which its exercise may properly be directed." (Italics ours.)

See, also, First National Bank of Birmingham v. Jaffe, 239 Ala. 567, 196 So. 103.

Any interpretation we should make in that connection of that feature of our section 22, Constitution, would be subject to section 10, Article 1 of the Constitution of the United States. So that notwithstanding our earlier ideas of the binding force of such contracts in respect to subsequent legislation, we must apply the construction which the United States Supreme Court has given to section 10, Article 1 of the United States Constitution. This principle was recognized in Hard v. State ex rel. Baker, supra, and thought to be there given effect.

So that the question is whether section 7½ of the Act of 1947, supra, fixing a maximum of $2500.00 for the payment of services of attorneys rendered pertaining to the act or the issuance of bonds under it is an exercise of the police power for an end which is in fact public, and whether such limitation is a means reasonably adapted to that end.

This is illustrated in Home Building & Loan Ass'n v. Blaisdell, 290 U.S. 398, 438, 54 S.Ct. 231, 240, 78 L.Ed. 413, 88 A.L.R. 1481, where it is said that such purpose is that which gives *temporary relief* from the enforcement of contracts in the presence of disasters due to physical causes such as fire, flood, or sometimes when the public need is urgent to economic causes.

It is also said in Worthen Co. v. Thomas, 292 U.S. 426, 54 S.Ct. 816, 818, 78 L.Ed.

1344, 93 A.L.R. 173, that this principle precludes a construction "which would permit the State to adopt as its policy the repudiation of debts or the destruction of contracts or the denial of means to enforce them. We held that when the exercise of the reserved power of the State, in order to meet public need because of a pressing public disaster, relates to the enforcement of existing contracts, that action must be limited by reasonable conditions appropriate to the emergency." See, also, Worthen Co. v. Kavanaugh, 295 U.S. 56, 55 S.Ct. 555, 79 L.Ed. 1298, 97 A.L.R. 905. And in Treigle v. Acme Homestead Ass'n, 297 U.S. 189, 56 S.Ct. 408, 411, 80 L.Ed. 575, 101 A.L.R. 1284, it is said: "Though the obligations of contracts must yield to a proper exercise of the police power, and vested rights cannot inhibit the proper exertion of the power, it must be exercised for an end which is in fact public."

There is nothing set out in the Act of 1947, supra, nor alleged in the answer which shows that section 7½ of the Act was inserted to meet some urgent public need, and we have no judicial knowledge of such need. It appears only as a retrenchment measure apparently directed to an impairment of the obligation of appellees' contract. That is no such need as justifies an exercise of the police power.

While the quotation in the Hard case, supra, from Stevens v. Thames, 204 Ala. 487, 86 So. 77, calls attention to the fact that the contract clauses of the State and Federal Constitutions have no application to obligations on the part of the State *as to the location, conduct or management of its own institutions,* it must be remembered we are not here dealing with such a situation. That was in respect to the attitude of the State toward such institution. It did not purport to impair contracts of such agency made pursuant to law so as to prevent the agency from performing them. If the State may ruthlessly impair such contracts, the power of its agency to function would be hampered in a way contrary to public interest. Such agency may bind its officers pursuant to law so as to impose a duty on them to carry out the same beyond impairment by subsequent legisla-

tion, although a personal judgment cannot be rendered against the agency. State Docks Comm. v. Barnes, supra.

In the case of Newton v. Commissioners, 100 U.S. 548, 25 L.Ed. 710, cited in Stevens v. Thames, supra, the act was for the removal of a county seat, whereas an act had previously provided that its present location was prematurely established. It was insisted that this created contract rights in certain parties. The court referred to the power of a state to abolish offices which it creates, without impairing contracts, or change the amount of compensation fixed by law, holding that these are governmental subjects and not within the category of contract. And in Fletcher v. Peck, 6 Cranch, U.S., 87, at page 137, 3 L.Ed. 162, it is said with reference to the power of a state to repudiate its contracts: "If contracts made with the state are to be exempted from their operation, the exception must arise from the character of the contracting party." And in the same opinion the question was asked whether it can be said "that a state may pass a law absolving itself from the contract? (The answer was:) It is scarcely to be conceived."

This Court, citing Fletcher v. Peck, supra, held in Slaughter v. Mobile County, 73 Ala. 134, that "State legislatures have no more power to impair the obligation of contracts made pursuant to their authority than they have to impair those of individuals made under like conditions." The Court was dealing with an agency set up by law to function for a county purpose.

It is our view that section 7½ of the Act of 1947, supra, cannot serve to impair the obligations of the contract alleged in the bill to have been made. Its existence as a fact is admitted in the answer.

### Section 45 of the Constitution.

It is next insisted that section 7½, supra, violates section 45 of the Constitution, in that no mention is made of such feature in the caption, and insofar as it restricts payment of the maximum it applies not only to funds to be derived from the proposed bond issue, but also "from any other funds of the State of Alabama or of any

board, commission, bureau, or other agency of the State," and is not germane to the one subject expressed in the title.

The title of the Act provides for the expansion of the port facilities, to borrow money and issue bonds and sell them, and "to provide the purposes for which such money may be borrowed" and also contains other details. This Act without section 7½, supra, was involved in the question submitted to us by the Governor, and which was answered as reported in Opinion of the Justices, 249 Ala. 180, 30 So.2d 715.

The contract between appellees and appellant was made April 26, 1947, before the proposed act was introduced for passage. The fee does not purport to be payable out of funds derived from the powers conferred by the Act.

We are not confronted with the question of whether a feature of the Act which provided for a maximum amount, which could be used out of such fund in the payment of attorneys' fees, would violate section 45, supra, without specially so stating in the title.

The rule is that if the bill contains but one subject which is clearly stated in the title any matter which is germane to that subject may be validly included. Ballentyne v. Wickersham, 75 Ala. 533; Johnson v. Robinson, 238 Ala. 568, 192 So. 412; Gibson v. State, 214 Ala. 38, 106 So. 231. But if matter is added which is not germane to the subject as expressed in the title, to that extent it violates section 45, supra, and such matter may be stricken from it, and the act otherwise upheld, subject to certain principles of construction, especially when, as here, the act has a saving clause if any provision is declared to be invalid.

It seems very clear to us that insofar as section 7½, supra, undertakes to limit the amount of attorneys' fees payable under contract, not specially out of funds derived under the Act, but out of any funds of the State or any of its agencies, to that extent it is not germane to the one subject expressed in the title and provided for in the Act.

We think therefore that the inclusion of section 7½, supra, violates section 45 of the Constitution, but its exclusion on that account does not affect the validity of the Act in respect to the one subject included.

Cross assignments.

Appellees complain that the decree of the court did not respond to that feature of the bill which prayed for a declaration that it is the duty of appellant to forthwith and immediately pay appellees $5500.38, the balance unpaid pursuant to the agreement of the parties for services rendered up to July 23, 1947. Such duty is implied in what was so declared in the judgment, but it will be here modified so as to include it in express terms. Further relief is available in this proceeding. Berman v. Wreck-A-Pair Bldg. Co., 234 Ala. 293, 175 So. 269.

As modified, the judgment is affirmed.

STAKELY, J., concurs in the opinion.

BROWN and LIVINGSTON, JJ., concur in the result, and base their concurrence on an application of section 22 of the Constitution by reason of the admitted allegations of the bill contained in the answer.

LAWSON and SIMPSON, JJ., concur in the result and base their opinion on an application of section 45 of the Constitution to section 7½ of the Act of July 24, 1947, supra.