188 So.2d 532

**W. C. SMITH**

v.

**CITY OF DOTHAN et al.**

**4 Div. 235.**

Supreme Court of Alabama.

June 16, 1966.

---

1. Ante p. 201.

W. G. Hardwick and W. G. Hause, Dothan, for appellant.

C. R. Lewis, Dothan, for appellees.

PER CURIAM.

This is an appeal from a final decree pertinent to declaratory proceedings filed in the Circuit Court, in Equity, of Houston County for the purpose of determining appellant's rights under a City of Dothan pension or retirement plan, created by the Legislature, in which appellant voluntarily participated.

The trial court entered a final decree adverse to appellant's contentions appearing in the declaratory petition. There was an agreed statement of facts upon which the decree was predicated. The questions presented to the trial court, and again on this appeal, resolve themselves into questions of law of first impression in this state. ·

Appellant, according to the agreed facts, was on January 17, 1964, when this complaint was filed, an employee of the City of Dothan serving in the capacity of Superintendent of the Electric Department of the City of Dothan. It appears that on December 31, 1963, appellant submitted his application to the Pension Board (appellees) for retirement from his employment by the City of Dothan, to become effective on October 1, 1964. The application was declined due to circumstances hereafter appearing. On the latter date (October 1, 1964) appellant would have served approximately thirty-six years in such supervisory capacity.

It seems, as we read the record and the excellent briefs filed by the parties to this appeal, that appellant had a membership in the retirement system established by Act No. 515, General Acts of 1945, approved July 9, 1945, which extended retirement benefits to city or town employees, including the City of Dothan. See § 12, Act No. 515, supra.

By Act No. 79, General Acts of 1953, p. 106, the City of Dothan and other employers could signify by resolution of their governing bodies their intention and desire to withdraw from the Employee's Retirement System created by Act 515, supra. The City of Dothan did so withdraw and created its own pension or retirement system authorized by Act No. 103, General Acts of 1953, p. 145.

This Act No. 103, supra, in conjunction with Act No. 79, supra, § 6(2), provided for voluntary membership in its retirement system for employees of the City of Dothan and also provided a severance of such employees from the State system (Act No. 515) and a voluntary transfer of such membership to the Dothan system, together with the accumulated benefits to such employees in the State system.

Pursuing this plan of withdrawal and transfer of membership, appellant applied for membership in the City system and was accepted. Regular payroll deductions were

made from his salary and paid into the local retirement fund. These deductions were five per cent of his salary until an amendatory law was passed (Act No. 424, General Acts 1961, p. 449, approved and effective on August 7, 1961). The latter Act limited the deduction to five per cent of the first $4800, thereby reducing monthly pension amounts payable under the plan.

When this Act became effective on August 7, 1961, the Pension Board deducted only five per cent of $4800, required under Act No. 424, supra, from the salary of appellant, who continued to work, although he was eligible for retirement in 1959 but did not seek such retirement until later, as stated above. Appellant says in his bill of complaint that he is ready, able and willing to pay into the retirement fund five per cent of his salary above the $4800 if it should be determined he is entitled to draw retirement pay pursuant to Act No. 103 without the amendment impressed by Act No. 424, supra.

A controlling question presented for our decision is whether under the agreed facts of this case appellant acquired a vested right of contract to pension benefits provided by law in effect at the time the amendatory Act 424, supra, was passed and approved. In other words, are appellant's rights to a retirement or pension determinable under Act 103, supra, free of the amendment impressed by Act 424?

The Constitution of the United States, § 10, Article 1, provides that no state shall pass any law impairing the obligations of contracts, while our Alabama Constitution, Article 1, § 22, provides: "That no ex post facto law, nor any law, impairing the obligations of contracts * * * shall be passed by the legislature; * * *."

█ It is settled law that § 22, Article 1 of the Constitution of 1901 does not simply inhibit the State from impairing the obligations of contracts between individuals, but applies with like force and effect to contracts made by the State or with one of its agencies when authorized by law. Slaughter v. Mobile County, 73 Ala. 134; Sweet v. Wilkinson, 252 Ala. 343, 40 So.2d 427, 431, citing other cases.

The case of State ex rel. Risch v. Board of Trustees of Policemen's Pension Fund, 121 Wis. 44, 98 N.W. 954, 956, is cited in our case of City of Birmingham v. Penuel, 242 Ala. 167, 5 So.2d 723, wherein the following pronouncement appears:

"The Supreme Court of Wisconsin in State [ex rel. Risch] v. Board of Trustees of Policemen's Pension Fund, 121 Wis. 44, 98 N.W. 954, 956, said of deductions from the officers' salaries that it was 'not first segregated from the public funds so as to become private property and then turned over to the control of the pension board, but is set aside from one public fund and turned over to another, regardless of the mere words of the law. The effect thereof is to scale down the salaries of the officers in form by so much as measures the contribution by each to the pension fund, but to really fix such salaries at the amount actually paid and to require the payment by the city into the pension fund of the amounts, per month, mentioned as being taken from the salaries. Such amounts are no less public money after such payment than before. * * *'" (242 Ala., 172, 5 So.2d, 727)

In the *Penuel* Case the following statement appears:

"In an annotation in 54 A.L.R. 943 et seq., p. 945, is the following: 'In some instances pension funds are maintained in part by compulsory contributions of the beneficiaries thereof. This is generally true where the beneficiaries are policemen or firemen; and in such a case the statute creating the fund ordinarily authorizes the proper official to retain weekly or monthly a certain per cent of the prospective pensioner's pay. By the great weight of authority the fact that a pensioner has made such compulsory contributions does not give him

a vested right in the pension.' " (242 Ala., 172–173, 5 So.2d, 727)

In the case of Pennie v. Reis, 132 U.S. 464, 10 S.Ct. 149, 151, 33 L.Ed. 426, 430, it was held that a pension statute providing for compulsory contributions by policemen to a pension fund created no contract. The Court said:

> "If the $2 a month retained out of the alleged compensation of the police officer had been in fact paid to him, and thus become subject to his absolute control, and after such payment he had been induced to contribute it each month to a fund on condition that upon his death a $1,000 should be paid out to his representative, a different question would have been raised with respect to the disposition of the fund, or at least of the amount of decedent's contribution to it. * * * It is sufficient that the $2 retained from the police officer each month, though called in the law a part of his compensation, were, in fact, an appropriation of that amount by the state each month to the creation of a fund for the benefit of the police officers named in that law, and, until used for the purposes designed, could be transferred to other parties, and applied to different purposes, by the legislature."

The case of Roddy v. Valentine, 268 N.Y. 228, 197 N.E. 260, cited by the trial court in support of judgment rendered, did not recognize the distinction between voluntary and involuntary contributions by the official in question. In the last-cited case the New York court cited the case of Ball v. Board of Trustees of Retirement Fund, 71 N.J.L. 64, 58 A. 111. It is apparent from the opinion in the *Ball* Case, supra, that the basis of the holding that contractual rights were created was where contributions were voluntary and the contract arose out of the pensioner's acceptance of the offer of a pension by voluntarily paying the contributions for the required time. Subsequent decisions of the New Jersey court, which rendered the decision in the *Ball* Case, supra, hold that where the contributions were not voluntary no contractual rights existed with respect to the pension.

The Supreme Court of New York, subsequent to the decision in Roddy v. Valentine, supra, recognized as a determining factor, as to whether a pension law created contractual rights, the question vel non of compulsory contributions, citing Jones v. Valentine, 164 Misc. 443, 298 N.Y.S. 802, 804.

Appellant invites our attention to an excellent annotation on the subject appearing in 52 A.L.R.2d 437, which is brought down to date through supplement services of A.L.R.2d. We will not prolong this opinion by including the facets of this annotation.

We have read with interest the case of State v. City of Jacksonville Beach (Fla.), 142 So.2d 349, 352–353, wherein the facts are not on all-fours with the case at issue in this court, but impressive statements appear in this opinion. We quote:

> "Whether a given pension or retirement plan created by an act of the legislature confers upon employees participating therein a vested right of contract depends upon whether participation is voluntary upon the election of the employee, or whether participation is mandatorily required of all persons included within the plan regardless of their desire to become members thereof.

> \* \* \* \* \* \*

> "Contrary to the rule above stated, it is equally established by decisional law of this state that benefits provided for employees under a voluntary pension or retirement plan created by an act of the legislature may not be modified or reduced by subsequent amendatory legislation for the reason that those electing to participate in such voluntary plans acquire vested rights of contract to the benefits provided therein upon acceptance of the plan, which rights may not be im-

paired by subsequent amendments to the act."

■ It is our opinion in the instant case, under the agreed statement of facts, that appellant, upon reaching eligibility for retirement in 1959, acquired a vested right to the benefits provided by Act No. 103, supra, free of the amendatory effect of Act No. 424, supra.

■ Appellant voluntarily identified his employment tenure with the pension or retirement plan created by Act No. 103, supra. Although he was not actually paid the deductible sums which constituted his contribution to the retirement fund, his voluntary identification with this program created by said Act No. 103, supra, had the legal effect of his having received his full salary and returning a part to the City to meet his share of the contribution to the retirement fund. The deducted sum belonged to him and was withheld through his agency and agreement; it retained the attribute of appellant's private property until paid into the benefit fund. Act No. 424, supra, as applied to appellant in the instant case impaired appellant's contract with the City in violation of the constitutional provisions, supra.

We pretermit any pronouncement as to the effect of these constitutional provisions where the employee has not reached eligibility for retirement. That situation does not obtain in the present case and is not before us.

■■ We do not think appellant waived his vested rights by continuing in the same employment after reaching eligibility (in 1959) for retirement. So far as we have observed, the law did not compel him to retire when he became eligible to assume retirement status. He had the right to improve his pension status by continuing in the supervisory service of the City in pursuit of his prior duties. Such continuance in service was not a burden on the retirement fund but, if anything, benefitted that fund because appellant did not draw therefrom, but contributed thereto. We do not think he should be penalized by estoppel or waiver because he elected to build up his pension status by further service which was not frowned upon by the pension law applicable to appellant.

■ We think, and so hold, that appellant should pay to the pension fund, as a condition to receiving the benefits of Act No. 103, supra, the full amount of the deductible sums impressed by law prior to the amendatory Act No. 424, supra. Such payments would meet the demands of law prior to this amendment.

We also pretermit discussing a situation that denies the Legislature the right to pass reasonable legislation to keep the pension systems of municipalities flexible and actuarially sound by either requiring increased contributions from employees or reasonable reductions in pensions not yet due and payable to employees not yet entitled to be retired either for disability or length of service. Such a situation could result in some pension funds "running dry" with future pensioners left without any funds from which the pensions could be paid, although they had contributed such funds during their entire employment by the municipality involved.

The trial court, on remandment of this cause, will enter a final declaratory decree in harmony with this opinion.

The decree of the trial court, denying appellant any rights under Act No. 103, supra, free of the amendatory effects of Act No. 424, supra, is reversed and the cause is remanded.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded with directions.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.

COLEMAN, J., concurs in the result.